IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE *et al.*,<br><br>   Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

**DEFENDANTS' MOTION TO STAY DEADLINES TO RESPOND
TO THE COMPLAINT AND PLAINTIFFS' FORTHCOMING
MOTIONS FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel,
Federal Programs Branch

JOSH GARDNER
Special Litigation Counsel,
Federal Programs Branch

CRISTEN C. HANDLEY
CODY T. KNAPP
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch

DAMIEN M. DIGGS
United States Attorney

JAMES GILLINGHAM
Assistant United States Attorney

Defendants respectfully request that the Court stay the deadline for them to respond to the Complaint, which is currently February 12, 2024, and the deadlines for them to respond to the preliminary injunction and expedited discovery motions Plaintiffs intend to file tomorrow. For the reasons below, Defendants submit that good cause exists to grant this stay. In the alternative, Defendants respectfully request that the Court extend the deadline for their response to the Complaint by 45 days. The parties have conferred and, as explained in the certificate of conference below, Defendants understand Plaintiffs would not oppose a stay of Defendants' deadline to respond to the Complaint pending adjudication of Plaintiffs' anticipated motions for a preliminary injunction and expedited discovery.

1. Plaintiffs filed their 67-page, 313-paragraph Complaint on December 6, 2023. *See* ECF No. 1. The Complaint challenges actions allegedly taken by Defendants to "fund[] the infrastructure, development, and marketing and promotion" of unspecified "censorship technology" and so-called "private censorship enterprises." *Id.* ¶ 1. The principal funding decisions challenged in the Complaint allegedly date back to several years ago. *See, e.g.*, *id.* ¶¶ 59, 125, 142.

2. Plaintiffs served the United States Attorney for the Eastern District of Texas on December 14, 2023. Accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(2), Defendants' deadline to answer or otherwise respond to the Complaint is February 12, 2024.

3. Within 7 days of this motion, Defendants expect to file a motion to transfer that will raise substantial threshold challenges to the propriety of venue in this District. The primary bases of that motion are that the sole Plaintiff with any connection to this District, the State of Texas, lacks Article III standing, and that the Complaint alleges no events or omissions giving rise to Plaintiffs' claims that occurred in Texas.

4. On January 30, 2024, Defendants requested Plaintiffs' position on the anticipated motion to transfer, as well as on this motion to stay Defendants' response deadlines pending the

Court's adjudication of the motion to transfer. Plaintiffs agreed to meet and confer regarding Defendants' transfer motion on the afternoon of February 5, 2024. During the meet-and-confer this afternoon, Plaintiffs indicated that they would oppose transfer and also informed Defendants, for the first time, that they intend to file motions for preliminary injunction and expedited discovery as early as tomorrow, February 6.

5. Good cause exists to stay Defendants' deadline to respond to the Complaint.

6. Good cause also exists to stay Defendants' deadline to respond to any forthcoming motions for preliminary injunction and expedited discovery.

7. If granted, Defendants' motion to transfer would obviate the need for any further proceedings in this Court. *See, e.g.*, *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (where motion to transfer was "timely . . . disposition of that motion should have taken a top priority in the handling of [the] case"); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority."). And a stay of Defendants' deadlines to answer or otherwise respond to the Complaint, to oppose Plaintiffs' anticipated preliminary-injunction motion, and to oppose Plaintiffs' anticipated motion for expedited discovery, will allow the Court time to resolve Defendants' soon-forthcoming motion to transfer before the parties proceed to briefing in this Court, if necessary, on the merits of Plaintiffs' claims and requests for a preliminary injunction and expedited discovery.

8. It would waste both party and judicial resources if Defendants were forced to respond to the Complaint and Plaintiffs' forthcoming motions while their threshold challenge to venue remains pending. Indeed, for that reason, courts in this Circuit strongly discourage parties from briefing substantive motions prior to venue-related ones. *See, e.g., Order, U.S. Navy Seals 1-26 v. Biden*, No. 4:21-cv-01236 (N.D. Tex. May 7, 2022), ECF No. 150 (rejecting venue arguments because defendants

2

raised issue after litigating preliminary injunction motion); *see also In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022) (faulting defendants' delay in pressing venue argument, where the motion was not filed until "months into the discovery period" (citation omitted)). Likewise, courts generally adjudicate venue before reaching the merits in a case. *See, e.g., Adrianza v. Trump*, 505 F. Supp. 3d 164, 173 (E.D.N.Y. 2020) ("When defendants object to venue, a district court must address venue before it can decide the merits of a motion for a preliminary injunction."), vacated and dismissed as moot, *Adrianza v. Biden*, No. 20-4165, 2021 WL 10140434 (2d Cir. Oct. 13, 2021); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537197, at *4 (S.D. Ohio Aug. 17, 2017) ("Courts faced with an argument that venue is improper must resolve that issue prior to addressing the merits of any claim, including a preliminary injunction.").

9. Proceeding to any briefing on the merits of Plaintiffs' claims before the Court decides Defendants' venue motion would also undermine the purposes of venue provisions. *Cf. Myers v. Am. Dental Ass'n*, 695 F.2d 716, 721 (3d Cir. 1982) ("The rule [that venue should be raised promptly] benefits the court as well as the opposing party by requiring a litigant to raise certain technical objections, the basis of which should be apparent from the outset of the action, before the litigation has moved forward."). Plaintiffs base their claim to venue on two grounds: first, the fact that Texas is a Plaintiff in this action, and second, on the contention that a substantial part of the events or omissions giving rise to *Texas's* claims occurred here. *See* Compl. ¶ 9. But Texas lacks standing, and so venue cannot be based on its mere presence as a party (and an improper one at that). And the Complaint identifies no specific acts or omissions giving rise to Texas's, much less any other Plaintiff's, claims that occurred in Texas. The only specific acts by Defendants that Plaintiffs allege took place elsewhere, namely in the District of Columbia, meaning that venue is proper in the U.S. District Court for the District of Columbia, not this District. If this case were properly transferred to that district, D.C. Circuit law would govern the disposition of Plaintiffs' claims. Given that, it would be inefficient

for the parties to brief the merits of Plaintiffs' claims in this District prematurely, applying Fifth Circuit law.

10. Finally, no party will be prejudiced by the temporary deferral of merits briefing that Defendants request. The primary actions that Plaintiffs purport to challenge occurred well before the date on which this action was filed. *See, e.g.*, Compl. ¶¶ 59, 125, 142. Nearly 60 days have elapsed since Plaintiffs filed their Complaint. And there is no credible suggestion in Plaintiffs' Complaint that they will face any imminent injury from Defendants' alleged actions if this litigation proceeds in an orderly course.

11. Accordingly, Defendants request that the Court stay their deadlines to respond to the Complaint, to oppose Plaintiffs' anticipated motion for a preliminary injunction, and to oppose Plaintiffs' anticipated motion for expedited discovery pending the Court's disposition of Defendants' forthcoming motion to transfer. Should the Court deny their motion for a stay, Defendants reserve the right to seek an extension of their deadlines to respond to Plaintiffs' forthcoming preliminary injunction and discovery motions once Defendants have reviewed those motions.

12. In the alternative, Defendants request that the Court extend the deadline for their response to Plaintiffs' Complaint by 45 days, to March 28, 2024. This extension would permit Defendants' counsel adequate time to prepare a response to Plaintiffs' lengthy Complaint that will be of maximal assistance to the Court. Moreover, the requested extension would not affect any other currently pending deadlines.

13. For the foregoing reasons, Defendants respectfully submit that an order staying Defendants' obligation to respond to Plaintiffs' Complaint, as well as any briefing deadlines associated with Plaintiffs' anticipated motions for a preliminary injunction and expedited discovery, until the Court has resolved Defendants' forthcoming motion to transfer would promote the efficient

4

resolution of this matter. In the alternative, Defendants request that the Court extend the deadline for their response to the Complaint by 45 days, to March 28, 2024.

Dated: February 5, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel,
Federal Programs Branch

JOSH GARDNER
Special Litigation Counsel,
Federal Programs Branch

*/s/ Cody T. Knapp*
CRISTEN C. HANDLEY (MO # 69114)
CODY T. KNAPP (NY # 5715438)
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 532-5663
Email: cody.t.knapp@usdoj.gov

DAMIEN M. DIGGS
United States Attorney

*/s/ James Gillingham*
JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street; Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
Phone: (903) 590-1400
Fax: (903) 590-1436
Texas State Bar # 24065295

*Counsel for Defendants*

5

## CERTIFICATE OF CONFERENCE

I, Cody T. Knapp, hereby certify the following:

On February 5, 2024, counsel for the parties met and conferred via teleconference regarding Defendants' forthcoming motion to transfer and the instant motion to stay Defendants' other response deadlines pending resolution of the motion to transfer. During that conference, counsel for the parties discussed the issues to be presented in Defendants' motions. Plaintiffs' counsel indicated that Plaintiffs do not agree that venue is improper in this District. Plaintiffs' counsel further indicated that Plaintiffs believe they are suffering irreparable harm from Defendants' alleged actions. For these reasons, Plaintiffs' counsel indicated that Plaintiffs would not agree to a stay of Defendants' response deadlines pending adjudication of a motion to transfer and would instead be filing motions for a preliminary injunction and expedited discovery as early as tomorrow, February 6, 2024. Plaintiffs' counsel indicated, however, that they would not oppose a stay or extension of Defendants' deadline to respond to the Complaint while the Court adjudicates their forthcoming motions for a preliminary injunction and for expedited discovery. The following counsel participated in this meet and confer:

| | |
|---|---|
| Margaret A Little | Cristen C. Handley |
| Margot Cleaveland | Cody T. Knapp |
| *Counsel for the Media Plaintiffs* | *Counsel for Defendants* |
| Susanna Dokupil | |
| *Counsel for Plaintiff the State of Texas* | |

*/s/ Cody T. Knapp*
CODY T. KNAPP
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

On February 5, 2024, I electronically submitted this document to the clerk of court of the U.S. District Court for the Eastern District of Texas using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *James G. Gillingham*
JAMES G. Gillingham
Assistant United States Attorney
