IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC;<br><br>FDRLST MEDIA, LLC; and<br><br>THE STATE OF TEXAS, by and through its Attorney General, Ken Paxton,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DEPARTMENT OF STATE;<br><br>GLOBAL ENGAGEMENT CENTER;<br><br>ANTONY BLINKEN, in his official capacity as Secretary of State;<br><br>LEAH BRAY, in her official capacity as Deputy Coordinator of the State Department's Global Engagement Center;<br><br>JAMES P. RUBIN, in his official capacity as Coordinator for the Global Engagement Center of the State Department;<br><br>DANIEL KIMMAGE, in his official capacity as the Principal Deputy Coordinator for the Global Engagement Center at the State Department;<br><br>ALEXIS FRISBIE, in her official capacity as Senior Technical Advisor of the Technology Engagement Team for the Global Engagement Center at the State Department;<br><br>PATRICIA WATTS, in her official capacity as the Director of the Technology Engagement Team at the Global Engagement Center at the State Department,<br><br>    *Defendants*. | Civil Action No.: 6:23-cv-00609<br><br>MOTION FOR EXPEDITED PRELIMINARY-INJUNCTION-RELATED DISCOVERY |

1

## PLAINTIFFS' MOTION FOR EXPEDITED PRELIMINARY-INJUNCTION-RELATED DISCOVERY

Plaintiffs, The Daily Wire, LLC and FDRLST Media, LLC, by and through their attorneys, and the State of Texas, by and through Attorney General Ken Paxton, respectfully request that this Court authorize expedited preliminary-injunction-related discovery on a limited and expedited basis.  As more fully detailed in Plaintiffs' accompanying Memorandum, Plaintiffs have good cause, as such discovery is necessary to allow Plaintiffs: (1) to ascertain the identities of State Department officials, employees, and contractors who have or are coordinating with social media platforms, tech companies, and/or non-governmental organizations about any form of reduction, demonetization, suppression, flagging, downranking, blacklisting, or censorship of Americans' speech and/or the American press, including but not limited to through the use of "Countering Propaganda and Disinformation" ("CPD") tools and technologies; (2) to determine the nature and content of communications among and between State Department officials, employees, and contractors and social media and tech companies involved in such coordination; (3) to determine the breadth of the still ongoing harm to Plaintiffs as a result of Defendants' *ultra vires* and unconstitutional conduct; and (4) to determine what additional and tailored preliminary injunctive relief is appropriate and necessary—beyond the relief sought in Plaintiffs' Motion for Preliminary Injunction—to prevent further irreparable harm to Plaintiffs.

For these reasons and the reasons stated in Plaintiffs' accompanying Memorandum, Plaintiffs respectfully request that this Court grant their Motion for Expedited Preliminary-Injunction-Related Discovery, adopting the following schedule:

1. Within five business days of this Court's ruling on this Motion, Plaintiffs may serve interrogatories and document requests on Defendants and may serve no more than five subpoenas on third parties.

2. Defendants and third parties shall provide responses and objections within thirty days of service.

3. Within ten days of the receipt of the responses, objections, and the production of responsive documents, the parties shall meet and confer in good faith about any discovery dispute, after which the parties shall submit a joint statement to the Court identifying the nature of any unresolved dispute.

4. Within ten days of the receipt of the responses, objections, and any responsive documents, Plaintiffs shall notify Defendants whether they will seek additional third-party subpoenas or depositions pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure.

5. Within seven days of receiving notice of the depositions and additional third-party subpoenas sought by Plaintiffs, the parties shall meet and confer regarding the additional discovery requests. Should the parties reach an impasse, they shall submit separate statements to the Court stating their positions on each requested subpoena and deposition.

6. Thereafter, this Court shall determine any outstanding discovery disputes, after which Plaintiffs will have ten days to serve any additional third-party subpoenas and thirty days to complete any authorized depositions.

7. Within twenty days after all authorized depositions are taken, Plaintiffs may supplement their previous memoranda in support of their Motion for a Preliminary Injunction.

8. Within twenty days after Plaintiffs file their supplemental memorandum, Defendants may file a supplemental memorandum in response to the Motion for Preliminary Injunction.

9. Within ten days after Defendants file their supplemental memorandum, Plaintiffs may file a reply.

DATED: February 7, 2024

Respectfully submitted,

/s/ *Margaret A. Little*

Margaret A. Little
Lead Attorney
Senior Litigation Counsel
Connecticut Bar # 303494
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
Peggy.Little@ncla.legal

/s/ *Margot J. Cleveland*

Margot J. Cleveland,
Of Counsel
Michigan Bar #P83564
NEW CIVIL LIBERTIES ALLIANCE
Margot.Cleveland@ncla.legal

/s/ *Casey Norman*

Casey Norman
*Pro hac vice pending*
Litigation Counsel
New York Bar #5772199
NEW CIVIL LIBERTIES ALLIANCE
Casey.Norman@ncla.legal

**Attorneys for Plaintiffs the Daily Wire Entertainment LLC and FDRLST Media LLC**

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General of Texas

GRANT DORFMAN
Deputy First Assistant Attorney General of Texas

RALPH MOLINA
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

/s/ *Susanna Dokupil*

SUSANNA DOKUPIL
Lead Attorney
Special Counsel
Texas State Bar No. 24034419

AMY S. HILTON
Special Counsel
Texas State Bar No. 24097834

JOHNATHAN STONE
Special Counsel
Texas State Bar No. 24071779

**Counsel for the State of Texas**

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC; <br><br> FDRLST MEDIA, LLC; and <br><br> THE STATE OF TEXAS, by and through its Attorney General, Ken Paxton, <br><br>     *Plaintiffs*, <br><br>     v. <br><br> DEPARTMENT OF STATE; <br><br> GLOBAL ENGAGEMENT CENTER; <br><br> ANTONY BLINKEN, in his official capacity as Secretary of State; <br><br> LEAH BRAY, in her official capacity as Deputy Coordinator of the State Department's Global Engagement Center; <br><br> JAMES P. RUBIN, in his official capacity as Coordinator for the Global Engagement Center of the State Department; <br><br> DANIEL KIMMAGE, in his official capacity as the Principal Deputy Coordinator for the Global Engagement Center at the State Department; <br><br> ALEXIS FRISBIE, in her official capacity as Senior Technical Advisor of the Technology Engagement Team for the Global Engagement Center at the State Department; <br><br> PATRICIA WATTS, in her official capacity as the Director of the Technology Engagement Team at the Global Engagement Center at the State Department, <br><br>     *Defendants*. | Civil Action No.: 6:23-cv-00609 <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED PRELIMINARY-INJUNCTION-RELATED DISCOVERY** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED
PRELIMINARY-INJUNCTION-RELATED DISCOVERY ......................................................... 1
FACTUAL AND PROCEDURAL BACKGROUND................................................................... 1
ARGUMENT ........................................................................................................................................... 3
    I.    EXPEDITED DISCOVERY IS PARTICULARLY APPROPRIATE AT THE PRELIMINARY-
        INJUNCTION STAGE TO HALT UNLAWFUL GOVERNMENT CONDUCT............................... 4
    II.   PLAINTIFFS' DISCOVERY REQUESTS ARE REASONABLY TAILORED TO THE PURPOSE OF
        THE EXPEDITED REQUEST, AND ANY BURDEN ON DEFENDANTS IS SLIGHT. ................... 8
CONCLUSION...................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*ALARIS Grp., Inc. v. Disability Mgmt. Network, Ltd.*,
  No. 12-cv-446, 2012 WL 13029504 (D. Minn. May 30, 2012) .................................................. 5

*Amos v. Taylor*,
  No. 20-cv-7, 2020 WL 5809972 (N.D. Miss. Aug. 26, 2020) ........................................ 5, 7, 8, 9

*Benavides v. Gartland*,
  No. 20-cv-46, 2020 WL 2561777 (S.D. Ga. May 20, 2020) ..................................................... 5, 7

*BKGTH Prods., LLC v. Does* 1–20,
  No. 13-cv-5310, 2013 WL 5507297 (E.D. La. Sept. 30, 2013) .............................................. 7, 9

*CGB Diversified Servs., Inc. v. Morrison*,
  No. 20-cv-3043, 2020 WL 4547885 (C.D. Ill. Apr. 2, 2020) .................................................. 10

*Combat Zone Corp. v. John/Jane Does 1-2*,
  No. 12-cv-00509, 2012 WL 6684711 (E.D. Tex. Dec. 21, 2012) ............................................... 8

*Edudata Corp. v. Sci. Computs., Inc.*,
  599 F. Supp. 1084 (D. Minn. 1984) ............................................................................................ 5

*Edudata Corp. v. Sci. Computs., Inc.*,
  746 F.2d 429 (8th Cir. 1984) ...................................................................................................... 6

*Ellsworth Assocs., Inc. v. United States*,
  917 F. Supp. 841 (D.D.C. 1996) .............................................................................................. 4, 5

*Elrod v. Burns*,
  427 U.S. 347 (1976) ..................................................................................................................... 6

*Irish Lesbian & Gay Org. v. Giuliani*,
  918 F. Supp. 728 (S.D.N.Y. 1996) ............................................................................................. 8

*Midwest Sign & Screen Printing Supply Co. v. Dalpe*,
  386 F. Supp. 3d 1037 (D. Minn. 2019) ....................................................................................... 5

*Miner, LTD. v. Anguiano*,
  No. 19-cv-00082, 2019 WL 9633302 (W.D. Tex. Mar. 20, 2019) ........................................... 10

*Missouri v. Biden*,
  ---- F.4th ----, No. 23-30445, 2023 WL 5821788 (5th Cir. Sept. 8, 2023) ................................ 4

*Missouri v. Biden,*
  ---- F.Supp.3d ----, No. 22-cv-01213, 2023 WL 4335270 (W.D. La. July 4, 2023) ................... 4

*Missouri v. Biden*,
  No. 22-cv-01213, 2022 WL 2825846 (W.D. La. July 12, 2022) ................................. 4, 5, 9, 10

*Murthy v. Missouri*,
  601 U.S. ----, ---- S.Ct. ----, No. 23-411, 2023 WL 6935337 (Memo) ...................................... 4

*NetChoice, L.L.C. v. Paxton*,
  49 F.4th 439 (5th Cir. 2022) ....................................................................................................... 6

*NetChoice, LLC v. Paxton*,
 216 L. Ed. 2d 1313 (Sept. 29, 2023) .................................................................................... 6

*Oglala Sioux Tribe v. Van Hunnik*,
 298 F.R.D. 453 (D.S.D. 2014) ............................................................................................... 5

*Onan Corp. v. United States*,
 476 F. Supp. 428 (D. Minn. 1979) ........................................................................................ 5

*Optic–Electronic Corp. v. United States*,
 683 F. Supp. 269 (D.D.C. 1987) ........................................................................................... 4

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*,
 734 F.3d 406 (5th Cir. 2013) ................................................................................................ 6

*Soileau v. GPS Marine, LLC*,
 No. 20-cv-484, 2020 WL 9078308 (E.D. La. May 19, 2020) ............................................... 9

*St. Louis Grp., Inc. v. Metals and Additives Corp.*,
 275 F.R.D. 236 (S.D. Tex. 2011) ................................................................................. 4, 6, 9

*Wilson v. Samson Contour Energy E&P, LLC*,
 No. 14-cv-0109, 2014 WL 2949457 (W.D. La. June 30, 2014) ........................................... 4

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 4

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## MOTION FOR EXPEDITED PRELIMINARY-INJUNCTION-RELATED DISCOVERY

Plaintiffs, The Daily Wire, LLC and FDRLST Media, LLC, by and through their attorneys, and the State of Texas, by and through Attorney General Ken Paxton, respectfully request that this Court authorize expedited preliminary-injunction-related discovery on a limited basis. As more fully detailed below, good cause exists to support Plaintiffs' request for expedited discovery, as such discovery is necessary to allow the Plaintiffs: (1) to ascertain the identities of State Department officials, employees, and contractors who have or are coordinating with social media platforms, tech companies, and/or non-governmental organizations about any form of reduction, demonetization, suppression, flagging, downranking, blacklisting, or censorship of Americans' speech and/or the American press, including but not limited to through the use of "Countering Propaganda and Disinformation" ("CPD") tools and technologies; (2) to determine the nature and content of communications among and between State Department officials, employees, and contractors and social media platforms and tech companies involved in such coordination; (3) to determine the breadth of the still ongoing harm to Plaintiffs as a result of Defendants' *ultra vires* and unconstitutional conduct; and (4) to determine what additional and tailored preliminary injunctive relief is appropriate and necessary—beyond the relief sought in Plaintiffs' Motion for Preliminary Injunction—to prevent further irreparable harm to Plaintiffs.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2023, Plaintiffs, The Daily Wire, LLC, FDRLST Media, LLC, and the State of Texas, filed a multi-count complaint against the Department of State, the Global Engagement Center, Antony Blinken, Leah Bray, James P. Rubin, Daniel Kimmage, Alexis Frisbie, and Patricia Watts (the "Defendants"). The complaint details the State Department's censorship scheme which entails the *ultra vires* funding of the research, assessment, testing, and/or

1

marketing and promotion of a variety of so-called Countering Propaganda and Misinformation, or "CPM," tools and technologies that target Americans' speech and the American press.

Defendants have launched and are using a variety of initiatives to support these censorship efforts, including through the development of a government platform—called Disinfo Cloud—which operated as a repository for more than 365 CPM tools and technologies. Defendants opened that government platform to social media platforms and tech companies, invited representatives from those companies to explore the CPM tools and technologies available, assisted social media and tech companies in selecting the "best" product to meet the companies' needs, and even offered to test the software against those needs. Defendants also funded various tech companies to run tests on the Disinfo Cloud platform, helping them further develop and hone their censorship technology. Additionally, through a Silicon Valley Engagement initiative, the State Department "embedded" an employee in Silicon Valley who then communicated with social media platforms and tech companies, encouraging them to join the State Department's Disinfo Cloud platform and to adopt the various CPM tools and technologies.

At this early stage of litigation, the Plaintiffs do not know the extent of the State Department's *ultra vires* funding of these initiatives. Nor do the Media Plaintiffs know how many of the 365-plus tools and technologies that Defendants researched, assessed, funded, tested, developed, hosted on the State Department's platform, and/or marketed, negatively impact the Media Plaintiffs' speech and circulation of their respective publications. However, as Media Plaintiffs' Memorandum in Support of Preliminary Injunction details, open-source information confirms at least two such tools and technologies—those developed by the Global Disinformation Index ("GDI") and NewsGuard—were among the CPD tools and technologies entwined in the State Department Defendants' illegally funded censorship scheme. *See* ECF11.

Both GDI and NewsGuard rank American media outlets according to their supposed reliability, and they then license those rankings to the advertising industry with the objective of defunding so-called purveyors of misinformation. GDI ranks the Media Plaintiffs as among the top ten riskiest online media outlets, while NewsGuard brands both The Daily Wire and The Federalist as unreliable. The Media Plaintiffs' Memorandum in Support of Preliminary Injunction explains at length how Defendants supported and promoted NewsGuard and GDI, including by funding NewsGuard and GDI's participation on the Disinfo Cloud platform through tech challenges. *See* ECF11. The Memorandum further details how such censorship efforts are clearly *ultra vires* and in violation of the Media Plaintiffs' First Amendment rights to freedom of speech and freedom of the press. *See* ECF11.

While Plaintiffs have obtained sufficient open-source evidence to establish the State Department is operating beyond its congressional mandate of managing foreign affairs by illegally targeting so-called domestic disinformation in violation of the Media Plaintiffs' First Amendment rights of freedom of speech and freedom of the press and Texas' sovereign right to create and enforce its own laws, the State Department's *ultra vires* and unconstitutional conduct likely extends much beyond NewsGuard and GDI. Discovery is needed to determine the full scope of Defendants' *ultra vires* and unconstitutional censorship scheme, including to ascertain the identity of the key actors and to learn the type and the extent of Defendants' activities which harm Plaintiffs. Accordingly, Plaintiffs seek leave to conduct narrowly targeted discovery.

## ARGUMENT

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

3

stipulation, or by Court order." Fed. R. Civ. P. 26(d)(1). "Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several districts within the Fifth Circuit have expressly utilized the 'good cause' standard when addressing this issue." *Missouri v. Biden*, No. 22-cv-01213, 2022 WL 2825846 at *5 (W.D. La. July 12, 2022);[1] *see also St. Louis Grp., Inc. v. Metals and Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). Under the "good cause" standard, courts consider "such factors as the breadth of discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made." *Missouri v. Biden*, 2022 WL 2825846 at *5. The reasonableness of the request is viewed "in light of all the surrounding circumstances." *Id.* (citing *Wilson v. Samson Contour Energy E&P, LLC*, No. 14-cv-0109, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014)). Under the "good cause" standard, several factors strongly support expedited discovery in this case.

### I. EXPEDITED DISCOVERY IS PARTICULARLY APPROPRIATE AT THE PRELIMINARY-INJUNCTION STAGE TO HALT UNLAWFUL GOVERNMENT CONDUCT.

First, while the Plaintiffs' request for discovery comes early in this case, such expeditious timing is necessitated by the time-sensitive nature of preliminary injunction proceedings. As the district court in *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841 (D.D.C. 1996), stressed, "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Id.* at 844 (citing *Optic–Electronic Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987), and *Onan Corp. v. United States*, 476 F.

---

[1] Following the grant of expedited discovery in *Missouri v. Biden*, the district court entered a preliminary injunction in favor of the plaintiffs. While the Supreme Court has granted certiorari in that case to consider the propriety of the injunction, *Missouri v. Biden,* ---- F.Supp.3d ----, No. 22-cv-01213, 2023 WL 4335270 (W.D. La July 4, 2023), *rev'd in part*, ---- F.4th ----, No. 23-30445, 2023 WL 5821788 (5th Cir. Sept. 8, 2023), *cert. granted* in *Murthy v. Missouri*, 601 U.S. ----, ---- S.Ct. ----, No. 23-411, 2023 WL 6935337 (Memo), the government's appeal of the preliminary injunction does not challenge the lower court's order granting expedited discovery.

Supp. 428, 434 (D. Minn. 1979)). *See also ALARIS Grp., Inc. v. Disability Mgmt. Network, Ltd.*, No. 12-cv-446, 2012 WL 13029504, at *2 (D. Minn. May 30, 2012) (quoting *Ellsworth Assocs., Inc.*, 917 F. Supp. at 844) (stating "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"). Accordingly, "courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action." *Id*.

Plaintiffs seek expedited discovery in relation to their pending motion for preliminary injunction—a factor which weighs in favor of granting expedited discovery. *Missouri v. Biden*, 2022 WL 2825846, at *6 (plaintiffs' pending motion for preliminary injunction helped show "good cause" for expedited discovery); *see also Benavides v. Gartland*, No. 20-cv-46, 2020 WL 2561777, at *3 (S.D. Ga. May 20, 2020) ("Petitioners' request for a preliminary injunction is pending, which ordinarily cuts in favor of granting Petitioners' request for expedited discovery."); *see also Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 455–56 (D.S.D. 2014) (holding good cause justifies expedited discovery, in part because "[e]xpedited discovery is necessary for the preliminary injunction hearing").

Relatedly, expedited discovery will assist this Court in fashioning appropriate injunctive relief specifically tailored to avoid irreparable harm. Indeed, "[t]he purpose of expedited discovery in the context of a temporary restraining order or preliminary injunction is for further development of the record before the preliminary injunction hearing, which better enables the court to judge the parties' interests and respective chances for success on the merits." *Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057-58 (D. Minn. 2019) (cleaned up). *See also Amos v. Taylor,* No. 20-cv-7, 2020 WL 5809972, at *4 (N.D. Miss. Aug. 26, 2020) (*accord*); *Edudata Corp. v. Sci. Computs., Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984), *aff'd in part,*

*appeal dismissed in part*, 746 F.2d 429 (8th Cir. 1984) ("Further development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits.").

In this case, as detailed in Plaintiffs' Memorandum in Support of Preliminary Injunction, ECF11, Plaintiffs suffer ongoing irreparable harm due to the Defendants' *ultra vires* and unconstitutional conduct. The irreparable harm to the Media Plaintiffs is particularly acute as it violates their core First Amendment rights to freedom of speech and freedom of the press. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Similarly, Defendants' *ultra vires*' censorship scheme inflicts on Texas irreparable harm by interfering in the state's sovereign right to create and enforce its own laws, namely HB 20, which requires social media companies with market power to act as common carriers. *See NetChoice, L.L.C. v. Paxton*, 49 F.4th 439, 445–46 (5th Cir. 2022), *cert. granted in part sub nom. NetChoice, LLC v. Paxton*, 216 L. Ed. 2d 1313 (Sept. 29, 2023) (explaining how HB 20 works). *Cf. Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) (citations omitted) (the State's ability to enforce its laws "necessarily suffers [] irreparable harm" when denied the ability to enforce its laws).

Expedited discovery to provide the Court with the details necessary to craft an injunction tailored to prevent the irreparable harm caused by Defendants' continuing *ultra vires* and unconstitutional conduct is accordingly eminently justified under the "good cause" standard. *St. Louis Grp., Inc.*, 275 F.R.D. at 239 (S.D. Tex. 2011) (stressing "courts have granted expedited discovery requests when there is some showing of irreparable harm that can be addressed by limited, expedited discovery"). *See also BKGTH Prods., LLC v. Does* 1–20, No. 13-cv-5310, 2013

WL 5507297, at *5 (E.D. La. Sept. 30, 2013) (*accord*). Each day that Defendants continue to suppress Media Plaintiffs' free speech and free press liberties and interfere with Texas' sovereign right to create and enforce HB 20 inflicts costly, irreparable, and irremediable harm—not just on Plaintiffs but all Americans. These constitutional guarantees of freedom of speech and freedom of the press and limitations on the use of government resources and funding represent essential structural limitations on government power designed to preserve and protect individual and national liberty.

Further, while Plaintiffs have already obtained open-source evidence that supports their claims and their Motion for Preliminary Injunction, because State Department officials know they are prohibited, by statute, from combatting so-called domestic disinformation—and by the First Amendment from abridging the Media Plaintiffs' speech—it should come as no surprise that the breadth of the censorship scheme remains buried in the bureaucracy of the State Department. Plaintiffs have no access to that information and, in fact, as the Complaint confirms, extensive investigative efforts were, are, and remain needed to uncover evidence establishing that the State Department has targeted Americans' speech and the American press.  *See generally* ECF1.

There are no further practical steps that Plaintiffs can take to determine the breadth of the technology and initiatives responsible for targeting Americans' speech and the American press or to identify all key actors involved in this scheme.  This further supports a finding of good cause. *See Amos*, 2020 WL 5809972, at *9 (reasoning that the fact that "plaintiffs' motion for expedited discovery … relates to information exclusively within the defendants' possession and control" weighed in favor of finding "good cause"); *Benavides*, 2020 WL 2561777, at *3 (granting motion for expedited discovery in part because "much information related to Petitioners' claims is exclusively within Respondents' possession and control"); *Combat Zone Corp. v. John/Jane Does*

*1-2*, No. 12-cv-00509, 2012 WL 6684711, at *2 (E.D. Tex. Dec. 21, 2012) (Where "there are no other practical measures [plaintiff] could take to identify" those responsible for the illegal conduct, and the plaintiff "has no alternative way of determining the … Defendants' identities[,]" the situation "favors expedited discovery.").

  II. **PLAINTIFFS' DISCOVERY REQUESTS ARE REASONABLY TAILORED TO THE PURPOSE OF THE EXPEDITED REQUEST, AND ANY BURDEN ON DEFENDANTS IS SLIGHT.**

  The limited and specifically tailored nature of Plaintiffs' expedited discovery requests also supports a finding of good cause. Specifically, Plaintiffs' requests for expedited discovery are limited to information of core relevance to Plaintiffs' claims and their Motion for Preliminary Injunction. The information sought will also prove critical to this Court as it seeks to fashion fully effective injunctive relief. *Amos*, 2020 WL 5809972, at *6, 9; *see also Combat Zone*, 2012 WL 6684711, at *2 (explaining that a specific, as opposed to general, expedited discovery request supports a finding of good cause). Indeed, Plaintiffs' discovery is targeted and designed to ascertain the "Countering Propaganda and Disinformation" tools and technologies and other State Department initiatives that abridge Americans' speech and American press, to identify the State Department officials and employees and those with whom they coordinated, and to assess the breadth and impact of these combined efforts to target domestic speech and the domestic media. An expedited discovery request that is "reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at the preliminary injunction hearing[,]" further supports a finding that good cause supports the Plaintiffs' motion. *Amos*, 2020 WL 5809972, at *6 (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996)).

8

The tailored nature of Plaintiffs' discovery requests also ensures that the burden on Defendants will be no greater than necessary. Indeed, given that Defendants may easily access the vast majority of the information and documents that Plaintiffs seek, which primarily concern activities of the State Department's small Technology Engagement Team and the Silicon Valley satellite office, any burden on Defendants will be minimal. Defendants can also easily comply with several aspects of Plaintiffs' expedited discovery requests by providing Plaintiffs access to the Disinfo Cloud platform and Disinfo Cloud Digest—access which the State Department previously provided to numerous social media platforms, tech companies, and academic institutions. Under these circumstances, any slight burden on Defendants is easily outweighed by Plaintiffs' need for the expedited discovery. *BKGTH Prods.*, 2013 WL 5507297, at *5 (citing *St. Louis Grp., Inc.*, 275 F.R.D. at 239–40) ("Although the factors used by Courts may vary, good cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'"); *Soileau v. GPS Marine, LLC*, No. 20-cv-484, 2020 WL 9078308, at *2 (E.D. La. May 19, 2020) (*accord*). No conceivable claim of privilege or proprietary interest can possibly attach to taxpayer-funded platforms, technology, or resources made so readily available to third parties whose acts have harmed Plaintiffs.

Finally, should Defendants believe that any of the discovery requests served on them are overbroad or unduly burdensome, under Plaintiffs' proposed expedited schedule they will have the opportunity to object on those grounds and present their concerns to this Court. *See e.g. Missouri v. Biden*, 2022 WL 2825846 at *5 (W.D. LA July 12, 2022) (adopting a similar procedure). This procedure further ensures the process is not unduly burdensome to the Defendants. *See Amos*, 2020 WL 5809972, at *9 (explaining that a court may treat a discovery request as reasonable and as supporting a finding of good cause even if the request is overbroad "by allowing the opposing

9

party 'to raise objections and requiring an expedited process for resolution of [those] objections'") (quoting *CGB Diversified Servs., Inc. v. Morrison*, No. 20-cv-3043, 2020 WL 4547885, at *4 (C.D. Ill. Apr. 2, 2020)); see also, e.g., *Miner, LTD. v. Anguiano*, No. 19-cv-00082, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019) ("To protect the parties from potentially unreasonable requests, the court will permit the parties to narrowly and specifically object to the scope and relevance of the information requested by the opposing party.").

In sum, "Plaintiffs' need for expedited discovery decisively outweighs any potential prejudice—if there is any—to Defendants." *Missouri v. Biden*, 2022 WL 2825846 *5 (W.D. LA July 12, 2022) (granting Plaintiffs' motion for expedited discovery related to preliminary injunction motion). Given that this information and technology has already been widely shared domestically and internationally to suppress Media Plaintiff's speech and circulation of their respective publications, there can be little grounds for objection to providing such information to those whose interests are in daily peril. The time-sensitive nature of Plaintiffs' Motion for Preliminary Injunction, the irreparable harm Plaintiffs face by Defendants' *ultra vires* conduct, the added irreparable harm that Defendants' inflict on the Media Plaintiffs' core First Amendment rights, and the need for information otherwise inaccessible to Plaintiffs to allow this Court to balance the preliminary injunction factors and fashion an appropriate injunction, overwhelmingly support a finding of good cause to warrant the limited and narrowly tailored discovery that Plaintiffs request.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Expedited Preliminary-Injunction-Related Discovery.

DATED: February 7, 2024

Respectfully submitted,

/s/ *Margaret A. Little*
Margaret A. Little
Lead Attorney
Senior Litigation Counsel
Connecticut Bar # 303494
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
Peggy.Little@ncla.legal

/s/ *Margot J. Cleveland*
Margot J. Cleveland,
Of Counsel
Michigan Bar #P83564
NEW CIVIL LIBERTIES ALLIANCE
Margot.Cleveland@ncla.legal

/s/ *Casey Norman*
Casey Norman
*Pro hac vice pending*
Litigation Counsel
New York Bar #5772199
NEW CIVIL LIBERTIES ALLIANCE
Casey.Norman@ncla.legal

**Attorneys for Plaintiffs the Daily Wire Entertainment LLC and FDRLST Media LLC**

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General of Texas

GRANT DORFMAN
Deputy First Assistant Attorney General of Texas

RALPH MOLINA
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

/s/ *Susanna Dokupil*
SUSANNA DOKUPIL
Lead Attorney
Special Counsel
Texas State Bar No. 24034419

AMY S. HILTON
Special Counsel
Texas State Bar No. 24097834

JOHNATHAN STONE
Special Counsel
Texas State Bar No. 24071779

**Counsel for the State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I electronically filed the foregoing document with the United States District Clerk for the Eastern District of Texas and electronically served all counsel of record via the District Court's ECF system.

/s/ Margot J. Cleveland

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 5, 2024, I, along with my NCLA colleagues' Peggy Little and Casey Norman, as well as counsel for the State of Texas, Susanna Dokupil, conferenced with counsel for Defendants, Cristen Handley and Cody Knapp, via a Microsoft Teams conference call, as required by Local Rule CV-7(h). Defense Counsel oppose Plaintiffs' Motion for Expedited Preliminary-Injunction-Related Discovery:  Defense Counsel maintain Defendants' motion for a change of venue must be considered first.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ Margot J. Cleveland