IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE *et al.*,<br><br>    Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

**DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED
PRELIMINARY-INJUNCTION-RELATED DISCOVERY**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel
Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel
Federal Programs Branch

CRISTEN C. HANDLEY
CODY T. KNAPP
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C., 20005
Tel: (202)-305-2677
Fax: (202)-616-8470
Cristen.Handley@usdoj.gov

*Counsel for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 3

ARGUMENT ....................................................................................................................... 3

    I.    Expedited discovery is inappropriate due to the threshold jurisdictional and venue issues that are pending before the Court.

    II.   Should the Court find both jurisdiction and proper venue, it should not allow expedited discovery because Plaintiffs fail to demonstrate good cause.

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*Amos v. Taylor*,
  2020 WL 5809972 (N.D. Miss. Aug. 26, 2020) .................................................................. 11, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................6

*Badon v. U.S. Dep't of Agric.*,
  2021 WL 3201367 (M.D. La. July 28, 2021) ............................................................................4

*Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*,
  283 F.3d 208 (4th Cir. 2002) ....................................................................................................6

*Benavides v. Gartland*,
  2020 WL 2561777 (S.D. Ga. May 20, 2020) ............................................................................9

*Better Packages, Inc. v. Zheng*,
  2006 WL 1373055 (D.N.J. May 17, 2006) ..............................................................................12

*BKGTH Prods, LLC v. Does 1-20*,
  2013 WL 5507297 (E.D. La. Sept. 30, 2013) ............................................................................7

*Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*,
  2010 WL 1418032 (W.D. Mich. Apr. 6, 2010) .......................................................................11

*Califano v. Sanders*,
  430 U.S. 99 (1977) ....................................................................................................................2

*Dickson v. United States*,
  831 F. Supp. 893 (D.D.C. 1993) ...............................................................................................6

*Elrod v. Burns*,
  427 U.S. 347 (1976) ..............................................................................................................9, 10

*Enochs v. Lampasas Cnty.*,
  641 F.3d 155 (5th Cir. 2011) .....................................................................................................4

*Enplanar, Inc. v. Marsh*,
  11 F.3d 1284 (5th Cir. 1994) .....................................................................................................6

*Francis v. API Tech. Servs., LLC*,
  2013 WL 12222464 (E.D. Tex. Nov. 14, 2013) ..................................................................3, 11

*GHX Indus. LLC v. Servco Hose & Supply LLC*,
  2020 WL 1492920 (W.D. La. Feb. 5, 2020) ............................................................................ 8

*Google, Inc. v. Hood*,
  822 F.3d 212 (5th Cir. 2016) ................................................................................................. 9

*Guajardo v. State Bar of Tex.*,
  803 F. App'x 750 (5th Cir. 2020) .......................................................................................... 5

*H.D. Vest, Inc. v. H.D. Vest Mgmt. & Servs., LLC*,
  2009 WL 1766095 (N.D. Tex. June 23, 2009) ..................................................................... 10

*Haverkamp v. Linthicum*,
  6 F.4th 662 (5th Cir. 2021) ................................................................................................... 4

*In re Horseshoe Ent.*,
  337 F.3d 429 (5th Cir. 2003) ................................................................................................. 6

*Johnson v. TheHuffingtonPost.com, Inc.*,
  21 F.4th 314 (5th Cir. 2021) ................................................................................................. 6

*Lapaglia v. Transamerica Cas. Ins. Co.*,
  155 F. Supp. 3d 153 (D. Conn. 2016) ................................................................................... 6

*Laufer v. Patel*,
  2021 WL 327704 (W.D. Tex. Feb. 1, 2021) ......................................................................... 4

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
  194 F.R.D. 618 (N.D. Ill. 2000) ........................................................................................ 7, 8

*Missouri v. Biden*,
  2022 WL 2825846 (W.D. La. July 12, 2022) ..................................................................... 13

*Mullane v. Almon*,
  339 F.R.D. 659 (N.D. Fla. 2021) .......................................................................................... 8

*NetChoice, LLC v. Paxton*,
  2023 WL 6319650 (U.S. Sept. 29, 2023) ............................................................................. 5

*OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*,
  2016 WL 3747222 (E.D. Tex. July 13, 2016) ............................................................... 11, 13

*Shenzhen Tange Li'An E-Commerce, Co. v. Drone Whirl LLC*,
  2020 WL 5237267 (W.D. Tex. Sept. 2, 2020) .................................................................... 10

*Smith v. Potter*,
  400 F. App'x 806 (5th Cir. 2010) .......................................................................................... 4

*St. Louis Grp., Inc. v. Metals & Additives Corp.*,
  275 F.R.D. 236 (S.D. Tex. 2011) ........................................................................................ 8, 9, 10

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ................................................................................................................ 2, 4, 5

*TransUnion LLC v. Ramirez*,
  584 U.S. 413 (2021) ..................................................................................................................... 5

*Tween Brands Inv., LLC v. Bluestar All., LLC*,
  2015 WL 5139487 (S.D. Ohio Sept. 1, 2015) .............................................................................. 8

*Uniloc USA, Inc. v. Apple Inc.*,
  2017 WL 3382806 (E.D. Tex. July 21, 2017) ..................................................................... 3, 8, 11

*Wilson v. Samson Contour Energy E & P, LLC*,
  2014 WL 2949457 (W.D. La. June 30, 2014) .............................................................................. 7

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ......................................................................................................................... 9

## INTRODUCTION

It should be uncontroversial that a lawsuit may not proceed to discovery before jurisdictional issues are resolved and while the case lays venue in the wrong court. That is particularly so where a plaintiff seeks *expedited* discovery—before the defendant has even responded to the Complaint—demanding urgent access to information related to allegations that could have been raised years earlier.

But Plaintiffs have done just that. On December 6, 2023, Plaintiffs brought this suit challenging two agency grants that date back to 2020 and 2021, and other agency actions allegedly performed on an online platform that Plaintiffs acknowledge has been retired since 2021. *See* Compl. ¶¶ 59, 142-44, 160, ECF No. 1. Two months passed without litigation activity. Upon receiving notice of Defendants' intent to move to transfer this matter to a proper venue, Plaintiffs moved this Court for two extraordinary orders. *First*, Plaintiffs seek a preliminary injunction that would prohibit Defendants "and any individuals and entities acting on their behalf" from a sweeping array of activities, including researching, assessing, funding, or "otherwise assist[ing]" with third parties' development or use of certain technologies. *See* Mot. for Prelim. Inj. at 36, ECF No. 11. *Second*, the focus of this filing, Plaintiffs ask the Court to depart from the ordinary course of civil litigation by requiring Defendants to respond to an unspecified number of interrogatories and requests for documents, and to potentially prepare for depositions that may exceed the maximum number allowed by the Federal Rules of Civil Procedure, all on a compressed timeline. *See* Mot. for Disc. at 2-3, ECF No. 13.

While Plaintiffs would have the Court leap ahead to the merits of their claims and requested relief, there are threshold jurisdictional and venue issues that prevent this case from moving forward at all. For starters, as Defendants have previously demonstrated and will further explain in forthcoming filings, Plaintiffs lack Article III standing because they have failed to identify any cognizable injury that is legally attributable to Defendants and likely to be redressed by judicial relief. Because a lawsuit may not proceed without jurisdiction, *see Steel*

1

*Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), expedited discovery should be denied on this basis alone. Further, no expedited discovery (or any other litigation activity) should proceed in this Court because this District is not a proper venue for this matter. *See* Mot. to Transfer, ECF No. 14. At minimum, the Court should first determine whether it is authorized to hear this case pursuant to jurisdictional and venue principles before it considers Plaintiffs' request for expedited discovery.

Even assuming Plaintiffs could surmount these threshold hurdles, their claims are not the type that would warrant expedited discovery. That is, Plaintiffs have not established any pressing need or other good cause that would outweigh the burden that expedited discovery would impose on Defendants. For these additional reasons, the Court should deny Plaintiffs' motion.

## BACKGROUND

Plaintiffs are two media organizations and the State of Texas. Compl. ¶¶ 13, 39, 41. The Complaint alleges that the Department of State, through its Global Engagement Center ("GEC"), encouraged the development of "Countering Propaganda and Disinformation" technologies by private third parties, which social media companies in turn purportedly used to restrict the Media Plaintiffs' speech. *See id.* ¶¶ 3, 65. Texas argues separately that Defendants' alleged actions interfere with its enforcement of a (presently enjoined) state law that is directed at social media companies. *See id.* ¶¶ 234-35.

Although this suit was brought more than two months ago and complains primarily of conduct from several years earlier, Plaintiffs now seek expedited discovery and a preliminary injunction. Specifically, Plaintiffs state that expedited discovery is necessary to "(1) ascertain the identities of State Department officials, employees, and contractors" who may have information relevant to Plaintiffs' claims; "(2) determine the nature and content of communications among and between" those individuals and "social media and tech companies"; "(3) determine the breadth of the still ongoing harm to Plaintiffs" from

2

Defendants' alleged actions; and "(4) determine what additional and tailored preliminary injunctive relief is appropriate and necessary[.]" Mot. for Disc. at 2.

## LEGAL STANDARD

The Fifth Circuit has not adopted a standard for determining when expedited discovery is warranted, though district courts within this Circuit typically require a showing of an exigent need that is supported by "good cause." *See, e.g.*, *Uniloc USA, Inc. v. Apple Inc.*, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017) (collecting cases). Under this standard, courts consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* In considering these factors, "the court should examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.*[1] The burden of showing good cause is on the party seeking expedited discovery. *E.g.*, *Francis v. API Tech. Servs., LLC*, 2013 WL 12222464, at *1 (E.D. Tex. Nov. 14, 2013).

## ARGUMENT

The Court should deny Plaintiffs' motion for expedited discovery for two key reasons. *First*, there is no basis for this case to proceed at all, much less to expedited discovery, because the Complaint fails to demonstrate both subject-matter jurisdiction and proper venue. These threshold issues must at least be resolved before any request for discovery is considered. *Second*, should the Court conclude that it has jurisdiction, and that venue is proper, Plaintiffs have not demonstrated good cause justifying expedited discovery.

### I.  Expedited discovery is inappropriate due to the threshold jurisdictional and venue issues that are pending before the Court.

The "first and fundamental question" in every case "is that of jurisdiction." *Steel Co.*, 523 U.S. at 94-95. Jurisdiction is a "requirement that . . . as a threshold matter spring[s] from

---

[1] Internal quotations and citations omitted throughout this brief unless otherwise noted.

the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* Accordingly, "[c]ourts are instructed to examine their jurisdiction at every stage of the litigation," *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), including "at the pleading stage" where "the plaintiff's burden is to allege a plausible set of facts establishing jurisdiction," *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021). Because a lawsuit may not proceed without jurisdiction, courts routinely stay discovery when jurisdictional issues are pending. *See, e.g., Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (concluding that the district court did not abuse its discretion in "grant[ing]" a "motion to stay discovery pending . . . the motion to dismiss for lack of jurisdiction."); *Badon v. U.S. Dep't of Agric.*, 2021 WL 3201367, at *2 (M.D. La. July 28, 2021) ("Defendant's Motion to Dismiss raises the threshold issue of subject-matter jurisdiction," and so "the Court finds good cause to stay discovery pending resolution of Defendant's Motion to Dismiss."); *Laufer v. Patel*, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("[D]iscovery should be stayed until the District Court has determined whether it has jurisdiction over this case.").

Applying these principles here, Plaintiffs are not entitled to expedited discovery because their Complaint fails to plausibly allege facts supporting Article III standing. As explained in Defendants' pending motion to transfer venue, Plaintiff the State of Texas's injury allegations are implausible because they are premised only on conclusory statements that Defendants have interfered with Texas's enforcement of a state law, when in fact that law has never been enforceable (much less enforced) as it has been preliminarily enjoined since before it was scheduled to take effect, and is now undergoing review by the Supreme Court. *See* Mot. to Transfer at 5-6 (discussing *NetChoice, LLC v. Paxton*, 2023 WL 6319650 (Mem) (U.S. Sept. 29, 2023)). Defendants' transfer motion also showed that the Complaint relies on allegations of past conduct by Defendants and speculation about the independent decisions of mostly unidentified third parties, which cannot withstand Article III scrutiny. *See id.* at 7-9. Plaintiffs have not responded to these points. Defendants will present additional arguments further demonstrating that each Plaintiff lacks Article III standing in their opposition to Plaintiffs'

4

motion for preliminary injunction, which will be filed by March 15, 2024. Defendants also anticipate filing a motion to dismiss the Complaint on jurisdictional and other grounds by March 28, 2024 (their current deadline to respond to the Complaint). Because the Court must first assure itself of its subject-matter jurisdiction, *Steel Co.*, 523 U.S. at 944-95, discovery cannot take place unless and until each Plaintiff demonstrates its Article III standing, *see TransUnion LLC v. Ramirez*, 584 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press.").

For similar reasons, Plaintiffs are not entitled to expedited discovery (or any other relief) in this Court because they have filed this case in the wrong District. As explained in Defendants' motion to transfer, Plaintiffs' claim to venue is improper because it is based solely on the presence of a plaintiff, Texas, that lacks Article III standing. *See* Mot. to Transfer at 1, 4-9. Moreover, even if Texas had Article III standing, venue would still be improper since the State does not reside in this District for venue purposes, and none of the alleged actions giving rise to Texas's claims occurred here. *See id.* at 10-13. Venue must be demonstrated for each claim, *see, e.g.*, *Guajardo v. State Bar of Tex.*, 803 F. App'x 750, 755 (5th Cir. 2020), and the Complaint does not even assert that venue is proper as to the Media Plaintiffs' First Amendment claims, which are a central focus of the request for expedited discovery, *see* Mot. for Disc. at 6. Any review of Plaintiffs' motion should be undertaken by a court that is authorized under the venue statute to hear this case in the first instance. That is especially so since any authorization of expedited discovery would require judicial supervision over the scope, schedule, and content of such discovery, and would require the court to resolve any discovery-related disputes. Thus, discovery should not proceed absent, at minimum, a finding by this Court that venue is proper. *See generally In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (disposition of a transfer motion should be "a top priority in the handling of [a] case"); *see also Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (no abuse of discretion where district court denied discovery pending disposition of a motion to transfer venue).

If Plaintiffs assert that expedited discovery is justified in order to obtain information that would support their allegations related to Article III standing or venue, that is plainly wrong. "Basic fact-finding should precede the filing of a lawsuit," *Dickson v. United States*, 831 F. Supp. 893, 900 (D.D.C. 1993), and a plaintiff is not entitled to discovery merely to remedy the deficiencies in its complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (if a plaintiff's "complaint is deficient under Rule 8, [it] is not entitled to discovery, cabined or otherwise"). *See also Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) ("'[A] jurisdictional fishing expedition' is not justified 'based on a plaintiff's general averments that more discovery will prove [the court's] jurisdiction'"); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002) (the district court did not abuse its discretion in "failing to permit jurisdictional discovery" because "the plaintiff simply want[ed] to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction"); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 156 (D. Conn. 2016) ("Absent . . . plausible allegations of subject-matter jurisdiction, any plaintiff would be free to assert extravagant, unfounded, and conclusory claims of jurisdiction, and a court would be faced with no option in response but to impose expensive and time-consuming discovery."); *Dickson*, 831 F. Supp. at 900 ("[T]he insufficiency of the Plaintiff's Complaint does not warrant any form of discovery for . . . jurisdiction."). Put differently, Plaintiffs' failure to come forward with well-pled, non-conclusory allegations supporting jurisdiction and venue is itself confirmation that they are not entitled to discovery.

In any event, discovery from Defendants could not establish that Plaintiffs have Article III standing or that venue is proper. As to standing, discovery would not, for instance, reveal facts demonstrating that Defendants interfered with Texas's enforcement of HB 20 because, again, HB 20 has never been enforceable. *See supra* at 4. Nor would it shed light on the Media Plaintiffs' asserted injuries, all of which turn on whether independent third parties would alter their alleged behavior in response to a court order directed at Defendants. As to venue, discovery from Defendants would not be relevant to the legal issue of Texas's

6

residency, and it could not identify events giving rise to Texas's non-existent efforts to enforce HB 20. If anything, should the Court determine that discovery is needed from Defendants to evaluate Plaintiffs' Article III standing, discovery should also be acquired from Plaintiffs, since presumably they—rather than Defendants—have sole access to information concerning their asserted injuries to, for instance, Texas's enforcement efforts or the Media Plaintiffs' revenue and viewership. *See* Compl. ¶¶ 4-5.

Because the Complaint cannot survive scrutiny under basic jurisdictional and venue principles, expedited discovery is inappropriate, and the Court should at least resolve these pending issues before entertaining Plaintiffs' request.

## II. Should the Court find both jurisdiction and proper venue, it should not allow expedited discovery because Plaintiffs fail to demonstrate good cause.

As explained above, no discovery is proper, much less discovery on an expedited basis, considering the Complaint's failure to plausibly allege jurisdiction and proper venue. Should the Court determine that this case may proceed after considering those issues, however, Plaintiffs have failed to demonstrate good cause that would justify expedited discovery. Expedited discovery is rare and allowable only "in limited circumstances." *See Wilson v. Samson Contour Energy E & P, LLC*, 2014 WL 2949457, at *3 (W.D. La. June 30, 2014); *BKGTH Prods, LLC v. Does 1-20*, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013) ("Courts in the Fifth Circuit have stated that irrespective of the standard applied, [e]xpedited discovery is not the norm."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) (similar). The requesting party must demonstrate a pressing need that outweighs the burdens imposed on Defendants and that is "reasonable[] . . . in light of all the surrounding circumstances." *Uniloc*, 2017 WL 3382806, at *1; *see also St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011).

Fundamentally, Plaintiffs argue that expedited discovery is warranted because they have moved for a preliminary injunction. *See* Mot. for Disc. at 1, 4-7; *see also Uniloc*, 2017 WL

7

3382806, at *1 (the good-cause analysis considers, among several other factors, "whether a preliminary injunction [motion] is pending"). But a party is not entitled to discovery simply because it sued the Government and seeks emergency relief. *See Mullane v. Almon*, 339 F.R.D. 659, 665 n.2 (N.D. Fla. 2021) ("[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction."); *Tween Brands Inv., LLC v. Bluestar All., LLC*, 2015 WL 5139487, at *3 (S.D. Ohio Sept. 1, 2015) (same). That is especially true here, because any exigency arising from Plaintiffs' preliminary injunction motion is solely of their own making. Plaintiffs brought this suit in December 2023, challenging two agency funding decisions that date back several years and alleging other activities on a platform that the Complaint admits was retired in 2021. *See* Compl. ¶¶ 125, 142, 160. And, once Plaintiffs eventually filed this suit, they waited another two months to seek a preliminary injunction and expedited discovery. The Court should not require Defendants to respond to discovery on an expedited basis when Plaintiffs themselves have moved at so leisurely a pace.

More than that, Plaintiffs fail to show that the information they seek is "necessary" to litigate their preliminary injunction motion. *See GHX Indus. LLC v. Servco Hose & Supply LLC*, 2020 WL 1492920, at *2 (W.D. La. Feb. 5, 2020) (denying expedited discovery as to requests that did not seek "only necessary information"). Plaintiffs filed that motion without the aid of expedited discovery. And they state that they have already "obtained sufficient open-source evidence to establish" each of their claims. *See* Mot. for Disc. at 3. Nonetheless, Plaintiffs argue that expedited discovery is warranted to "determine the full scope" of their claims and asserted injuries. *See id.* But Plaintiffs are not entitled to expedited discovery "only to bolster positions they already contend are supported by evidence." *See Benavides v. Gartland*, 2020 WL 2561777, at *3 (S.D. Ga. May 20, 2020); *see also id.* ("The fact that Petitioners are seeking cumulative evidence to support their . . . motion for preliminary injunction cuts against good cause for the proposed expedited discovery."). Nor can they justify their request by speculating that they might happen upon evidence that further supports their arguments. If "that reason alone" could "constitute good cause," then "expedited discovery would be the

8

norm instead of the exception, and there would be no substantive purpose for Federal Rule 26(d)(1)." *St. Louis Grp.*, 275 F.R.D. at 242.

Plaintiffs' arguments that discovery is needed to determine "the breadth of the[ir] still ongoing harm" and "what additional and tailored preliminary injunctive relief is appropriate . . . to prevent further irreparable harm" are equally unavailing. *See* Mot. for Disc. at 1. It is inconceivable that discovery from Defendants is necessary for Texas to support its allegations concerning its own purported enforcement of state law, or for the Media Plaintiffs to provide evidence concerning their own revenue and viewership. That information should be exclusively within Plaintiffs' possession. If Plaintiffs are unaware of facts showing whether or how they were harmed by the alleged conduct of Defendants, that is strong evidence that they have not been harmed at all.

For similar reasons, the Media Plaintiffs cannot assert a need for expedited discovery on the basis that their First Amendment claims automatically establish irreparable harm. *See id.* at 6-7. Although First Amendment injuries may be irreparable when they occur, *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion), a plaintiff seeking a preliminary injunction still must show that such injuries are "imminent," *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). That is, merely invoking the loss of First Amendment freedoms "cannot substitute for the presence of an imminent, non-speculative injury." *See Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016). "A preliminary injunction is not appropriate . . . unless the party seeking it can demonstrate," *id.* at 227-28, what the Supreme Court found in *Elrod* itself: "that First Amendment interests [are] either threatened or in fact being impaired at the time relief [is] sought." 427 U.S. at 373.

Here, the Media Plaintiffs raise First Amendment claims based primarily on past alleged conduct, and their allegations of ongoing harm are undermined by their own acknowledgement that the platform that supposedly facilitated that alleged harm is now retired (and has been for years). *See* Compl. ¶¶ 59, 142-44, 160. The Complaint alleges generally that Defendants "continue[] to promote censorship tools and technology," *id.* ¶ 163, but that is

9

not the same as establishing that any such "tools" or "technology" "promoted" by Defendants will actually and imminently be adopted by unidentified third parties so as to harm the Media Plaintiffs' First Amendment interests. *See Elrod*, 427 U.S. at 347. And, again, Plaintiffs' delay in bringing this suit and in moving for preliminary relief undermines any assertion that they are suffering some imminent, irreparable, and as-yet unidentified harm necessary to satisfy the "good cause" standard. *See, e.g., H.D. Vest, Inc. v. H.D. Vest Mgmt. & Servs., LLC*, 2009 WL 1766095, at *4 (N.D. Tex. June 23, 2009) ("Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."); *Shenzhen Tange Li'An E-Commerce, Co. v. Drone Whirl LLC*, 2020 WL 5237267, at *4 (W.D. Tex. Sept. 2, 2020) ("Plaintiffs' delay in seeking injunctive relief suggests a lack of urgency . . .").

Compounding the error, although Plaintiffs argue that they will suffer irreparable harm in the absence of a *preliminary injunction*, they do not establish that irreparable harm will result in the absence of *expedited discovery*. *See St. Louis Grp.*, 275 F.R.D. at 240 ("[C]ourts have granted expedited discovery requests when there is some showing of irreparable harm *that can be addressed by . . . expedited discovery*." (emphasis added)). They do not suggest, for example, that relevant evidence may be hidden, destroyed, or otherwise unavailable later on. *See id.* (collecting cases). They claim that the information they seek is exclusively within Defendants' possession. *See* Mot. for Disc. at 7. While that may be true regarding the requests for the identities of and communication solely between Government employees, there is nothing unusual about the Government possessing such information, and there is no reason that Plaintiffs will suffer later in the absence of access to that information now.

The remaining factors—the scope of the requests, the burden on Defendants, and how far in advance of the usual discovery process the requests are made—also weigh against a finding of good cause. *See Uniloc*, 2017 WL 3382806, at *1. In this context, scope and burden are intertwined, and the requests must be "narrowly tailored in scope" to avoid an undue burden on Defendants. *See, e.g., Francis*, 2013 WL 12222464, at *1.

10

The precise scope of Plaintiffs' requests is unknown, as they do not submit any of their proposed interrogatories, document requests, or topics for depositions, which parties routinely do when seeking expedited discovery. *See Amos v. Taylor*, 2020 WL 5809972, at *6-8 (N.D. Miss. Aug. 26, 2020); *OrthoAccel Techs., Inc. v. Propel Orthodontics*, LLC, 2016 WL 3747222 at *1 (E.D. Tex. July 13, 2016). Nor do Plaintiffs suggest any date ranges or limits on the number of requests or depositions they intend to seek from Defendants; by contrast, they appear to contemplate seeking additional depositions beyond the maximum of 10 imposed by the Federal Rules of Civil Procedure. *See* Mot. for Disc. at 3 ("Plaintiffs shall notify Defendants whether they will seek additional third-party subpoenas or depositions pursuant to Rule 30(a)(2).").

Instead, Plaintiffs offer several loosely described categories of evidence they deem "of core relevance" to their claims and motion for a preliminary injunction, such as information regarding "the nature and content of communications" between the Government and technology and social media companies, and "the breadth and impact of these [actors'] combined efforts." *See id.* at 8. In so doing, Plaintiffs essentially summarize the evidence they believe they need to establish their case on the merits. That is impermissibly expansive rather than narrow in scope. *See OrthoAccel Techs., Inc.*, 2016 WL 3747222, at *4 (expedited discovery is "manifestly improper" when the requests "broadly seek any and all information necessary for Plaintiffs to establish their cause of action"); *see also Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, 2010 WL 1418032, at *2 (W.D. Mich. Apr. 6, 2010) (finding document requests overbroad because they sought information necessary for the plaintiffs to establish their cause of action); *Better Packages, Inc. v. Zheng*, 2006 WL 1373055, at *4-5 (D.N.J. May 17, 2006) (denying the plaintiff's request for expedited discovery in part because it "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery").

Plaintiffs' request is also overly broad insofar as it seeks information to prepare a future request for preliminary injunctive relief that reaches "beyond the relief sought in Plaintiffs'

11

Motion for Preliminary Injunction." *See* Mot. for Disc. at 2. Plaintiffs' requested preliminary injunction is already extraordinarily broad. It would prevent "Defendants and any individuals and entities acting on their behalf" from even wholly internal activities such as "research[ing]" or "assess[ing]" certain technologies. *See* Mot. for Prelim. Inj. at 36. Any request for expedited discovery concerning preliminary relief that is even more expansive than the sweeping relief presently requested would, by definition, not be narrowly tailored.

In contrast to the lack of narrowly tailored requests, the burden that expedited discovery would impose on Defendants is substantial. Plaintiffs' requests would require Defendants to search for and collect years'-old documents from potentially numerous government servers; conduct manual, page-by-page reviews of every document for responsiveness and privilege; consult with any appropriate equity holders; and process the productions. Those steps would require significant government resources and time—retrieving the relevant documents and loading them into the government's review platform could alone take weeks (if not months). Defendants would also have to collect information to provide thorough interrogatory responses, which would require additional searches and other efforts. Further, Plaintiffs are incorrect that Defendants can "easily comply" with parts of their requests "by providing Plaintiffs access to the Disinfo Cloud platform and Disinfo Cloud Digest." *See* Mot. for Disc. at 9. As Plaintiffs know, Disinfo Cloud and the Disinfo Cloud Digest have been inoperative for years, and they were managed by a third-party that has itself been "shuttered," according to the Complaint. *See* Compl. ¶¶ 55, 160. Accessing that platform and Digest is thus hardly as simple as Plaintiffs assume.[2]

---

[2] Plaintiffs' reliance on the grant of expedited discovery in *Missouri v. Biden* does not support their arguments. *See* Mot. for Disc. at 9 (citing *Missouri v. Biden*, 2022 WL 2825846, at *5 (W.D. La. July 12, 2022)). The discovery in that case was neither expedited nor narrow; it lasted approximately nine months and resulted in the government's production of thousands of pages of documents, and it included two mandamus petitions to the Fifth Circuit (both of which resulted in orders granting the government's request to stay depositions of certain high-ranking officials). *See In re Murthy*, No. 22-30697 (5th Cir. orders dated Nov. 21, 2022 & Jan. 5, 2023). That lengthy process posed an immense burden on the federal defendants as well as the court.

Finally, Plaintiffs' request for expedited discovery comes far in advance of the typical discovery process, which weighs against a finding of good cause. *See OrthoAccel Techs.*, 2016 WL 3747222, at *5. Plaintiffs seek expedited discovery while significant threshold issues are pending—*i.e.,* whether this Court has subject-matter jurisdiction and is a proper venue—and before Defendants have answered the Complaint or responded to Plaintiffs' motion for a preliminary injunction. Authorizing expedited discovery at this time would impermissibly propel Plaintiffs past their initial burden to allege plausible facts establishing jurisdiction and proper venue, and the Court must at least resolve those outstanding issues before this case may proceed.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion for expedited discovery.

Dated: February 21, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel
Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel
Federal Programs Branch

*/s/ Cristen C. Handley*
CRISTEN C. HANDLEY
CODY T. KNAPP
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202)-305-2677
Fax: (202)-616-8470
Email: cristen.handley@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

>*/s/ Cristen C. Handley*
>CRISTEN C. HANDLEY
>CODY T. KNAPP
>Trial Attorneys
>United States Department of Justice
>Civil Division, Federal Programs Branch
>1100 L Street, N.W.
>Washington, D.C. 20005
>Tel: (202)-305-2677
>Fax: (202)-616-8470
>Email: cristen.handley@usdoj.gov

## CERTIFICATE OF CONFERENCE

I, Cristen C. Handley, hereby certify that counsel for the parties met and conferred via teleconference on February 5, 2024. The following counsel participated in this meet and confer:

Margaret A Little
Margot J. Cleveland
*Counsel for the Media Plaintiffs*

Susanna Dokupil
*Counsel for Plaintiff the State of Texas*

Cristen C. Handley
Cody T. Knapp
*Counsel for Defendants*

>*/s/ Cristen C. Handley*
>CRISTEN C. HANDLEY
>Trial Attorney
>U.S. Department of Justice