# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC;<br><br>FDRLST MEDIA, LLC; and<br><br>THE STATE OF TEXAS, by and through its Attorney General, Ken Paxton,<br><br>　　*Plaintiffs*,<br><br>　v.<br><br>DEPARTMENT OF STATE;<br><br>GLOBAL ENGAGEMENT CENTER;<br><br>ANTONY BLINKEN, in his official capacity as Secretary of State;<br><br>LEAH BRAY, in her official capacity as Deputy Coordinator of the State Department's Global Engagement Center;<br><br>JAMES P. RUBIN, in his official capacity as Coordinator for the Global Engagement Center of the State Department;<br><br>DANIEL KIMMAGE, in his official capacity as the Principal Deputy Coordinator for the Global Engagement Center at the State Department;<br><br>ALEXIS FRISBIE, in her official capacity as Senior Technical Advisor of the Technology Engagement Team for the Global Engagement Center at the State Department;<br><br>PATRICIA WATTS, in her official capacity as the Director of the Technology Engagement Team at the Global Engagement Center at the State Department,<br><br>　　*Defendants*. | Civil Action No.: 6:23-cv-00609<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED PRELIMINARY-INJUNCTION-RELATED DISCOVERY** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

I. THE GOVERNMENT MISREPRESENTS THE COMPLAINT ......................................................... 1

II. THE STATE DEPARTMENT'S JURISDICTIONAL AND VENUE ARGUMENTS ARE IRRELEVANT TO THE MOTION TO EXPEDITE DISCOVERY. ....................................................... 2

III. GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY. ............................................................ 3

CONCLUSION ................................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amos v. Taylor*,
  No. 20-cv-7, 2020 WL 5809972 (N.D. Miss. Aug. 26, 2020) .................................................. 4

*Badon v. U.S. Dep't of Agric.*,
  No. 20-cv-460, 2021 WL 3201367 (M.D. La. July 28, 2021) ................................................. 2

*Ellsworth Assocs., Inc. v. United States*,
  917 F. Supp. 841 (D.D.C. 1996) .............................................................................................. 3

*Elrod v. Burns*,
  427 U.S. 347 (1976) ................................................................................................................ 4

*Halcyon Biomed v. Glatt Air Tech.*,
  No. H-19-690, 2019 WL 2420232 (S.D. Tex. June 10, 2019) ................................................ 5

*Laufer v. Patel*,
  No. 20-cv-631, 2021 WL 327704 (W.D. Tex. Feb. 1, 2021) .................................................. 2

*Missouri v. Biden*,
  No. 3:22-CV-01213, 2022 WL 2825846 (W.D. La. July 12, 2022) ....................................... 5

*NetChoice, L.L.C. v. Paxton*,
  49 F.4th 439 (5th Cir. 2022) .................................................................................................... 2

*Netchoice, LLC v. Paxton*,
  216 L. Ed. 2d 1313 (Sept. 29, 2023) ....................................................................................... 2

*Smith v. Potter*,
  400 F. App'x 806 (5th Cir. 2010) ............................................................................................ 2

*Texas v. Dep't of Homeland Sec.*,
  661 F.Supp.3d 683 (S.D. Tex. 2023) ...................................................................................... 3

*Texas v. EEOC*,
  933 F.3d 433 (5th Cir. 2019) ................................................................................................... 3

*Willey v. Harris County District Attorney*,
  27 F.4th 1125 (5th Cir. 2020) .................................................................................................. 3

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................................... 3

**Other Authorities**

Letter from H. Comm. on Small Bus. to Global Engagement Center (Feb. 16, 2024)................... 4

Letter from H. Comm. on Small Bus. to Global Engagement Center (Jan. 8, 2024) ..................... 4

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY**

### I. THE GOVERNMENT MISREPRESENTS THE COMPLAINT

Defendants' response presents two arguments against expedited discovery, both of which lack merit. Initially, though, Plaintiffs must respond to the government's misleading presentation of the case. The Complaint and the Motion for Preliminary Injunction both make clear Plaintiffs seek only to enjoin Defendants from engaging in specific activities that target "the lawful speech of the American press and Americans." Compl. at 68, ECF 1. It should be uncontroversial that the State Department cannot target Americans' speech because its authority is limited to foreign affairs—Congress expressly limited the Global Engagement Center to countering foreign misinformation. Yet Defendants inaccurately portray Plaintiffs' requested relief as "sweeping," Resp. 1, and "extraordinarily broad," Resp. 12, by deceptively omitting "the American press and Americans" language in its discussion of the relief requested by Plaintiffs.

Defendants also inaccurately frame Plaintiffs' suit as challenging "two agency grants that date back to 2020 and 2021" and agency actions performed on its since retired Disinfo Cloud platform,[1] Resp. 1—a tacit admission the State Department exceeded its foreign affairs' mandate, and a suggestion relief is no longer needed because it no longer does so. The Complaint, however, is **not** premised on two illegal grants or the now shuttered Disinfo Cloud, but rather on Defendants' still-ongoing censorship scheme that suppresses disfavored domestic speech "by funding the infrastructure, development, and marketing and promotion of censorship technology and private censorship enterprises." Compl. ¶¶ 1, 160-180, ECF 1. That Defendants "retired" Disinfo Cloud

---

[1] *See also* Resp. 2 (The suit "complains primarily of conduct from several years earlier[.]"); Resp. 4 (The Complaint relies on "allegations of past conduct by Defendants[.]"); Resp. 9 ("Media Plaintiffs raise First Amendment claims based primarily on past alleged conduct[.]").

1

is irrelevant because the censorship scheme continues, the Silicon Valley office remains in operation, and so does the blacklisting Defendants implemented through Disinfo Cloud: Defendants just use a different platform and contractors, which is precisely why discovery is needed.

## II. THE STATE DEPARTMENT'S JURISDICTIONAL AND VENUE ARGUMENTS ARE IRRELEVANT TO THE MOTION TO EXPEDITE DISCOVERY.

Defendants' main argument is that there is no basis for expedited discovery because "the Complaint fails to demonstrate both subject-matter and proper venue." Resp. 3. In essence, Defendants are asking this Court to stay the proceedings. Resp. 2 ("[N]o expedited discovery (or any other litigation activity) should proceed in this Court because this District is not a proper venue, . . ."). Defendants even cite decisions involving stays of discovery—none of which involved pending preliminary injunction motions.[2] This Court has already considered and rejected the government's motion for a general stay which presented the same venue and standing arguments. ECF 15. Defendants are not entitled to a second bite of the apple and, thus, the Court should consider only whether good cause exists to order expedited discovery.

However, should the Court consider Defendants' rehashing of its Motion to Stay, it should reject the government's arguments. First, the Fifth Circuit has upheld the constitutionality of HB 20, and to accept Defendants' argument that there is no imminent harm to Texas's sovereign interests would require this Court to inappropriately speculate that the Supreme Court will reverse that decision. *NetChoice v. Paxton*, 49 F.4th 439, 445–46 (5th Cir. 2022), *cert. granted in part sub*

---

[2] Defendants rely on the same trio of cases it cited in arguing against discovery in *Missouri v. Biden*, namely *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010), *Badon v. U.S. Dep't of Agric.*, 2021 WL 3201367, at *2 (M.D. La. July 28, 2021), and *Laufer v. Patel*, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021). As Plaintiffs established in *Missouri v. Biden,* those cases are inapposite because none involved a pending preliminary-injunction motion for which discovery was needed to prevent irreparable injury.

2

*nom.*, 216 L. Ed. 2d 1313 (Sept. 29, 2023). *See Willey v. Harris County D.A.*, 27 F.4th 1125, 1130 n.9 (5th Cir. 2020) (courts must presume the constitutionality of legislative enactments). HB 20's private enforcement provisions also have never been enjoined. Finally, contrary to Defendants' cramped view of a state's sovereign interests, Texas's interest in passing and enforcing laws extends beyond bringing enforcement actions to include efforts by the state to maintain compliance with its laws. *See Texas v. EEOC*, 933 F.3d 433 (5th Cir. 2019). Preventing viewpoint discrimination by common carriers in violation of HB 20 in the first instance—something Defendants' *ultra vires* censorship scheme causes—is squarely within Texas's sovereign interests in maintaining compliance with its laws. *See id.* Accordingly, Texas has standing to challenge the State Department's *ultra vires* actions. And venue is proper in both Texas and the Eastern District of Texas. *See Texas v. Dep't of Homeland Sec.*, 661 F.Supp.3d 683 (S.D. Tex. 2023).

### III. GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY.

Defendants' argument that Plaintiffs have failed to demonstrate good cause for expedited discovery fares no better because the "good cause" factors overwhelmingly support Plaintiffs' motion.[3] First, "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings," *Ellsworth,* 917 F. Supp. at 844, and Plaintiffs' motion for a preliminary injunction is now pending. ECF 11. Defendants' response is to blame Plaintiffs for not having sought injunctive relief sooner, but the State Department's censorship scheme only recently became known, and since then Plaintiffs have moved with all

---

[3] Defendants inaccurately frame expedited discovery as "extraordinary," Resp. 1, "rare," Resp. 7, and limited to cases where "exigent need" exists. Resp. 3. While not the norm, there is nothing "extraordinary" or "rare" about such discovery, with the Federal Rules of Civil Procedure expressly providing for it and with courts "routinely grant[ing] expedited discovery in cases involving challenges to constitutionality of government action." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). And the rules establish "good cause" not "exigent need" as the controlling standard. Fed. R. Civ. P. 26(d)(1).

expediency consistent with their affirmative duty to support their claims. Defendants' argument that there is no irreparable harm to justify expedited discovery is further misplaced because it relies on the false premise that the Complaint is "based primarily on past alleged conduct." Resp. 9.

The second good cause factor also favors Plaintiffs, as only limited discovery relevant to the pending motion for a preliminary injunction is sought. Defendants' sole response here consists of speculation that Plaintiffs "might" seek overbroad discovery. Defendants ignore, however, that Plaintiffs have expressly limited their request for third-party subpoenas to five, and that Defendants may object to the discovery served upon them if they believe the request overbroad. This procedure ensures the discovery is narrow. *See Amos v. Taylor*, No. 20-cv-7, 2020 WL 5809972 at *9 (N.D. Miss. Aug. 26, 2020) (discovery request is narrow and supports finding of good cause where Court establishes process for opposing party to raise objections at later time).

The third factor, the purpose of the expedited discovery, also supports Plaintiffs' motion. While Defendants argue Plaintiffs should have investigated more prior to suing—ironic, really, given they also complain Plaintiffs moved too leisurely in filing the complaint, Resp. 8—the detailed evidence submitted with the preliminary injunction motion shows Plaintiffs dutifully exhausted all publicly available resources. Discovery is needed to understand how Defendants' current censorship scheme operates—something the State Department is concealing *even from Congress*![4] And it is that censorship scheme that harms the Media Plaintiffs regardless of any lost revenue because "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).[5]

---

[4] Letter from H. Comm. on Small Bus. to Global Engagement Center (Jan. 8, 2024). Exh 1; Letter from H. Comm. on Small Bus. to Global Engagement Center (Feb. 16, 2024). Exh 2 (chastising State Department for ignoring Congressional requests and seeking copy of "2023.02.14 GEC-GDI-BLACKLIST.docx").

[5] Defendants also suggest discovery should be ordered of Plaintiffs, but they failed to move for discovery

The burden on Defendants is also slight, first because the discovery is narrow and involves isolated divisions of the State Department—GEC and the Technology Engagement Team. Second, much of the information can be made available to Plaintiffs by providing access to Disinfo Cloud: Surely, the Government is not representing to the Court that it lacks control over the platform for which it paid over a million dollars. Third, the discovery sought would be required later in any event. The State Department, which has invested millions to operate its wide-ranging censorship scheme that targets Americans, should not be heard to complain of the burden of complying with discovery. Finally, any burden must be balanced against the irreparable harm to Plaintiffs, which is particularly acute as it violates Media Plaintiffs' core First Amendment rights and Texas's sovereign interests in "protecting the free exchange of ideas and information[.]" HB 20 §1(2).[6]

Thus, while discovery has been requested early on, the totality of the factors support Plaintiff's request, just as was the case in *Missouri v. Biden*. Inexplicably, Defendants claim *Missouri v. Biden*, 2022 WL 2825846 at *5 (W.D. La. July 12, 2022), does not support Plaintiffs' motion because "discovery in that case was neither expedited nor narrow," Resp. 12, but the Court *granted* Plaintiffs discovery in that case, making Plaintiffs much narrower request here doubly justified.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request this Court grant their motion.

DATED: February 28, 2024                                        Respectfully submitted,

---

and Plaintiffs' claims are premised on the harm to their First Amendment and sovereign interests— not lost revenues, which are not sought in this litigation, making such discovery irrelevant and, if pursued, abusive.

[6] Defendants suggest this Court cannot consider the First Amendment harm to Media Plaintiffs because there is no venue over those claims. Defendants' Motion to Transfer did not contest venue over those claims, however, and such a challenge would fail because pendent venue clearly exists. *See Halcyon Biomed v. Glatt Air Tech.*, 2019 WL 2420232 at *8 (S.D. Tex. June 10, 2019) (explaining pendent venue allows a court to hear claims arising out of a common nucleus of operative facts). Further, Plaintiff The Daily Wire LLC is a Texas company, incorporated in Texas and with a registered address in the state of Texas.

| | |
|---|---|
| /s/ *Margaret A. Little* | KEN PAXTON |
| Margaret A. Little | Attorney General of Texas |
| Lead Attorney | |
| Senior Litigation Counsel | BRENT WEBSTER |
| Connecticut Bar # 303494 | First Assistant Attorney General of Texas |
| NEW CIVIL LIBERTIES ALLIANCE | |
| 1225 19th Street NW, Suite 450 | GRANT DORFMAN |
| Washington, DC 20036 | Deputy First Assistant Attorney General of Texas |
| Telephone: (202) 869-5210 | |
| Facsimile: (202) 869-5238 | |
| Peggy.Little@ncla.legal | RALPH MOLINA |
| | Deputy Attorney General for Legal Strategy |
| /s/ *Margot J. Cleveland* | |
| Margot J. Cleveland, | RYAN D. WALTERS |
| Of Counsel | Chief, Special Litigation Division |
| Michigan Bar #P83564 | |
| NEW CIVIL LIBERTIES ALLIANCE | /s/ *Susanna Dokupil* |
| Margot.Cleveland@ncla.legal | SUSANNA DOKUPIL |
| | Lead Attorney |
| /s/ *Casey Norman* | Special Counsel |
| Casey Norman* | Texas State Bar No. 24032801 |
| *Pro hac vice forthcoming* | |
| Litigation Counsel | AMY S. HILTON |
| New York Bar #5772199 | Special Counsel |
| Casey.Norman@ncla.legal | Texas State Bar No. 24097834 |
| | |
| | JOHNATHON STONE |
| *Attorneys for Plaintiffs the Daily Wire Entertainment LLC and FDRLST Media LLC* | Special Counsel |
| | Texas State Bar No. 24071779 |
| | |
| | Office of the Attorney General of Texas |
| | P.O. Box 12548 (MC 009) |
| | Austin, TX 78711-2548 |
| | Phone: (512) 936-3754 |
| | FAX: (512) 457-4410 |
| | Susanna.Dokupil@oag.texas.gov |
| | Amy.Hilton@oag.texas.gov |
| | Johnathon.Stone@oag.texas.gov |
| | |
| | *Attorneys for Plaintiff the State of Texas* |

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 28, 2024, I electronically filed the foregoing document with the United States District Clerk for the Eastern District of Texas and electronically served all counsel of record via the District Court's ECF system.

                                                     /s/ Margot J. Cleveland