IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*,<br><br>      Plaintiffs<br>  v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE *et al.*,<br><br>      Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel
Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel
Federal Programs Branch

DOROTHY M. CANEVARI
CRISTEN C. HANDLEY
CODY T. KNAPP
ARJUN MODY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 305-2677
Email: Cristen.Handley@usdoj.gov

*Counsel for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

      I.      The Eastern District of Texas is an improper venue for this case ...................................1

      III.     This case should be transferred to the District of Columbia. ...........................................5

CONCLUSION ................................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Amr v. Virginia*,
　2015 WL 236822 (D.C. Cir. 2015) .................................................................................................4

*Associated Gen. Contractors of Am., Inc. v. Fed. Acquisition Regul. Council*,
　2024 WL 1078260 (W.D. La. Mar. 12, 2024) ......................................................................... 1, 4

*Atlanta & F.R. Co. v. W. Ry. Co. of Alabama*,
　50 F. 790 (5th Cir. 1892) ................................................................................................................3

*California v. Azar*,
　911 F.3d 558 (9th Cir. 2018) .........................................................................................................3

*Career Colls. & Schs. of Tex. v. Dep't of Educ.*,
　2023 WL 2975164 (N.D. Tex. Apr. 17, 2023) ............................................................................4

*Dobbs v. Jackson Women's Health Org.*,
　597 U.S. 215 (2022) .........................................................................................................................2

*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*,
　536 F.3d 439 (5th Cir. 2008) .................................................................................................. 2, 4

*Guajardo v. State Bar of Tex.*,
　803 F. App'x 750 (5th Cir. 2020) .................................................................................................4

*In re Horseshoe Ent.*,
　337 F.3d 429 (5th Cir. 2003) ........................................................................................................5

*Leroy v. Great W. United Corp.*,
　443 U.S. 173 (1979) .........................................................................................................................4

*McNeil v. United States*,
　508 U.S. 106 (1993) .........................................................................................................................4

*Miller v. Albright*,
　523 U.S. 420 (1998) .........................................................................................................................2

*Nat'l Infusion Ctr. Ass'n v. Becerra*,
　2024 WL 561860 (W.D. Tex. Feb. 12, 2024) .............................................................................1

*Netchoice LLC v. Paxton*,
　573 F. Supp. 3d 1092 (W.D. Tex. 2021),
　*vacated and remanded sub nom.*, 49 F.4th 439 (5th Cir. 2022) ...............................................2

*Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*,
　547 U.S. 47 (2006) ...........................................................................................................................2

*Sigoloff v. Austin*,
    2023 WL 2142982 (N.D. Tex. Feb. 21, 2023) ..................................................................5

**Statutes**

2 U.S.C. § 1602 ...............................................................................................................................3

11 U.S.C. § 101 ...............................................................................................................................3

18 U.S.C. § 2711 .............................................................................................................................3

28 U.S.C. § 1391 .............................................................................................................................3

Tex. Bus. & Com. Code § 120.053 .................................................................................................2

**Other Authorities**

Entity, Black's Law Dictionary (11th ed. 2019) .............................................................................3

State, Black's Law Dictionary (11th ed. 2019) ..............................................................................3

**INTRODUCTION**

The complaint cites two bases for filing suit in this District:  that Plaintiff the State of Texas resides here, and that a substantial part of the events giving rise to Texas's claims occurred here.  *See* Compl. ¶ 9.  As Defendants have shown, however, venue cannot be predicated on Texas's claims because Texas lacks standing, and even if that were not so, Texas does not reside in this District for venue purposes, and no relevant events occurred here.  In response, Plaintiffs assert new venue arguments that do not appear in their complaint—namely, that venue is proper based on the Media Plaintiffs' claims.  Plaintiffs cannot establish venue through unpled theories.  But even if they could, the same basic venue problems persist, and this case should thus be transferred.

**ARGUMENT**

**I.    The Eastern District of Texas is an improper venue for this case.**

Since Defendants filed their motion to transfer, at least two additional courts in this Circuit have found improper venue on the same theory presented here:  when the court lacks subject-matter jurisdiction over a plaintiff's claims, venue cannot be premised on that plaintiff's claims.  *See Associated Gen. Ctrs. of Am. v. Fed. Acquis. Regul. Cncl.*, 2024 WL 1078260, at *7 (W.D. La. Mar. 12, 2024) ("*AGC*") (collecting cases); *Nat'l Infusion Ctr. v. Becerra*, 2024 WL 561860, at *5 (W.D. Tex. Feb. 12, 2024) ("*NICA*").  Attempting to resist this straightforward principle, Plaintiffs maintain that Texas has standing and resides in this District, though they largely abandon their allegation that events giving rise to Texas's claims occurred here, mentioning it only once in a footnote.  *See* Opp. to Mot. to Transfer, at 9 n.6 ("Opp.").  As a fallback, Plaintiffs assert an entirely new venue basis relying on the Media Plaintiffs' claims.  These efforts fail at every step.

*First*, Texas lacks standing.  As shown in Defendants' motion to transfer and motion to dismiss, Texas's injury theory fails on its face because it does not explain how, even accepting the allegations as true, any of Defendants' alleged activities prevent any social media company from complying with H.B. 20 or otherwise interfere with Texas's enforcement of H.B. 20.  *See* Mot. to Transfer at 6-9; Mot. to Dismiss at 15-18.  That is, if H.B. 20 prohibits social media companies from using certain technologies in certain ways, the companies can simply choose not to use those

1

technologies as such. *See* Mot. to Dismiss at 16. Moreover, Defendants' evidence supporting their motion to dismiss—which this Court should consider in determining venue, *see, e.g.*, *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)—demonstrates that there is no relationship between Defendants' activities and the technologies that Texas says social media companies use in violation of H.B. 20. *See* Mot. to Dismiss at 20-24.

All of this assumes H.B. 20 is currently enforceable in the first instance, but it is not. *See* Mot. to Transfer at 5-6. Nevertheless, citing *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), Texas insists that this Court must "presume the validity of H.B. 20." Opp. at 4. *Dobbs* did not concern a statute that had been preliminarily enjoined, and thus it offers no basis to presume H.B. 20's validity. Nor does any other authority. Texas also asserts that "parts of H.B. 20 remain law." *Id.* In support, Texas points to a "transparency" provision in H.B. 20 requiring social media companies to report instances of content moderation on their platforms. *See id.* at 5 (citing Tex. Bus. & Com. Code § 120.053). Even assuming that provision is in effect,[1] Texas again does not explain how Defendants' purported actions prevent a social media company from complying with that provision.

For these reasons and those in Defendants' motion to transfer and motion to dismiss, Texas's claims cannot survive Article III scrutiny. And, once the Court determines that it lacks jurisdiction over Texas's claims—and indeed over the case entirely—there is no basis for venue in this Court.[2]

---

[1] This is doubtful. The "transparency" provision is part of Section 2 of H.B. 20. *See* Tex. Bus. & Com. Code § 120.053. The Western District of Texas held that Section 2 is unconstitutional and, because it is "replete with constitutional defects, . . . [t]here is nothing that could be severed and survive." *See NetChoice LLC v. Paxton*, 573 F. Supp. 3d 1092, 1116 (W.D. Tex. 2021) (citation omitted), *vacated and remanded sub nom.*, 49 F.4th 439 (5th Cir. 2022). Nothing in the Fifth Circuit's or the Supreme Court's subsequent rulings indicates that the "transparency" provision remains operative.

[2] Plaintiffs state that "Defendants do not challenge the Media Plaintiffs' standing," Opp. at 3 n.2, but Defendants have challenged Media Plaintiffs' (and Texas's) standing in their motion to dismiss and in opposition to Plaintiffs' motions for preliminary injunction and expedited discovery. *See* ECF Nos. 33, 32, 20 (respectively). As explained, because the complaint bases venue only on Texas, Media Plaintiffs' standing is irrelevant to the venue question presented here. *See* Mot. to Transfer at 9. Additionally, Plaintiffs state that "if the Media Plaintiffs have standing, then Texas also has standing," Opp. at 3 n.2, and that "if the Court concludes that Texas lacks standing, this case may still proceed in this district based on Media Plaintiffs' standing," *id.* at 10. While the presence of one plaintiff with standing may avoid the need to determine other plaintiffs' standing, *see Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 52 n.2 (2006), it does not mean that the other plaintiffs have satisfied Article III's standing requirements. In any event, under *Miller v. Albright*, 523 U.S. 420, 426-27 (1998), venue under 28 U.S.C. § 1391(e)(1)(C) must be based on the claims of a plaintiff with standing.

*Second*, Texas does not reside in this District for venue purposes. Congress has defined residency "[f]or *all* venue purposes." *See* 28 U.S.C. § 1391(c) (emphasis added). The question, then, is which of § 1391's residency definitions applies to Texas. As explained, *see* Mot. to Transfer at 10-11, Texas is "an entity with the capacity to sue and be sued in its common name under applicable law" under 28 U.S.C. § 1391(c)(2). An "entity" is "[a]n organization (such as a business or a governmental unit) that has a legal identity apart from its members or owners." Entity, Black's Law Dictionary (11th ed. 2019). And a "state," which is "[a]n institution of self-government within a larger political entity; esp., one of the constituent parts of a country having a federal government," falls within this broad definition. State, Black's Law Dictionary (11th ed. 2019). Congress has repeatedly defined "entity" to include governmental units, such as States, providing further evidence that Congress did not through silence in Section 1391(c)(2) mean to exclude States. *See*, *e.g.*, 2 U.S.C. § 1602(14) ("entity" includes "State or local government"); 11 U.S.C. § 101(15) ("entity" includes "governmental unit"); 18 U.S.C. § 2711(4) ("governmental entity" includes "any State"). Thus, for venue purposes, a State is an "entity" that, "if a plaintiff," resides "only in the judicial district in which it maintains its principal place of business[,]" 28 U.S.C. § 1391(c)(2)—here, the Western District of Texas.

Without addressing the text of § 1391, Texas argues that it resides everywhere within its borders. In support, Texas relies on *dicta* from *Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892). Opp. at 8. But *Atlanta* concerned the residency of corporations for jurisdictional purposes; it did not address the residency of States for venue purposes. *See* 50 F. at 791. Besides, *Atlanta* precedes the modern amendments to the venue statute by decades, and thus it has been superseded by the statute's definitions of "residency" "[f]or all venue purposes." 28 U.S.C. § 1391(c). The cases Plaintiffs cite that rely on *Atlanta* did not address this key fact. *See* Opp. at 8. Moreover, those cases rely on the Ninth Circuit's flawed reasoning in *California v. Azar*, 911 F.3d 558 (9th Cir.

---

There is no such plaintiff here. Finally, Plaintiffs state that, "[i]n arguing Texas lacks standing, Defendants do not dispute that [they] acted beyond [their] statutory authority to administer 'foreign affairs.'" Opp. at 7 n.5. Texas's standing is a jurisdictional question distinct from the merits of Plaintiffs' statutory-authority claim. In any event, Defendants have presented evidence demonstrating that the actions Plaintiffs challenge were consistent with Defendants' statutory authority. *See, e.g.*, Mot. to Dismiss at 21-24.

3

2018). *California* was erroneous in several respects, principally in that the court's interpretation rewrites § 1391's definition of "residency . . . [f]or all venue purposes" to "residency . . . for all venue purposes, except for States, which reside in any district within their borders." But courts "are not free to rewrite the statutory text." *McNeil v. United States*, 508 U.S. 106, 111 (1993).[3]

*Finally*, Plaintiffs cannot establish venue by now asserting that events giving rise to the Media Plaintiffs' claims occurred in this District. *See* Opp. at 10-14. While the Court may consider *evidence* beyond the complaint in determining venue, *see Ginter*, 536 F.3d at 449, it should not consider this new *basis* for venue which is not so much as hinted at in the complaint, *see Amr v. Virginia*, 2015 WL 236822, at *1 (D.C. Cir. 2015) (per curiam) (district court did not err in declining to consider venue bases not raised in complaint in a subsequent motion for reconsideration). Regardless, this new theory would also fail. As explained, the relevant location is where the defendant's alleged conduct occurred—in this case, Washington, D.C. *See* Mot. to Transfer at 12-13 (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-87 (1979)); *see also AGC*, 2024 WL 1078260, at *8. That is particularly so where, as here, plaintiffs challenge agency action writ large as opposed to an action taken in a particular location. *See AGC*, 2024 WL 1078260, at *8.

Plaintiffs do not dispute that Defendants' alleged conduct occurred outside this District and instead urge the Court to consider where that conduct "imposes its burdens." *See* Opp. at 10. But Defendants have shown that none of Defendants' alleged actions supported any technologies that Plaintiffs claim have injured them, and thus Defendants did not impose any burdens on Plaintiffs anywhere, much less in this District. *See* Mot. to Dismiss at 20-24. Further, while Media Plaintiffs claim that internet users in this District are prevented from accessing certain content online, Opp. at 12, "'events or omissions giving rise to the claim' [must] implicate[] the parties bringing the claim and not a generalized burden on non-parties," *Career Colls. & Schs. of Tex. v. Dep't of Educ.*, 2023 WL

---

[3] Plaintiffs make a cursory argument that, "[i]f Texas's claims are properly venued, then the other Plaintiffs' claims are also properly venued based on the doctrine of pendent venue." Opp. at 9. The Court should not entertain this assertion. Venue must be proper "for each claim that a plaintiff brings against a defendant," *see, e.g.*, *Guajardo v. State Bar of Tex.*, 803 F. App'x 750, 755 (5th Cir. 2020), and Plaintiffs cite no Fifth Circuit authority allowing a claim to move forward based on pendent venue. In any event, Texas's claims are not properly venued for the reasons Defendants provide, and thus there is no basis for pendent venue here.

2975164, at *2 (N.D. Tex. Apr. 17, 2023).  Moreover, Media Plaintiffs' theory would suggest that they could simply join any person with an internet connection to this suit in order to claim venue wherever they prefer.  Plaintiffs themselves seem to agree that this would be improper, *see* Opp. at 13, yet they still take this position, in direct contravention of Congress's limitations on venue to certain districts.

Plaintiffs' reliance on actions in Texas by another non-party, GDI, is equally unavailing.  As noted, Defendants had nothing to do with GDI's "Disinformation Risk Assessment," which was supported entirely by private funds.  *See* Mot. to Dismiss at 22.  If anything, that report helps show that venue is improper, as it was prepared outside of this District at the University of Texas, in Austin.  Opp. at 13.  That the report may be available online does not establish venue here for the same reasons as above.  Further, it makes no difference whether GDI has a general presence in Texas; GDI could exist solely in Texas, and that still would not overcome the evidence showing no connection between Defendants' actions and the GDI technology at issue.  Mot. to Dismiss at 21-22.  Similarly, it is entirely unclear how The Daily Wire's status as a Texas limited liability company and its "two employees" in Texas, Opp. at 14, have any "operative significance in the case," *see Sigoloff v. Austin*, 2023 WL 2142982, at *2 (N.D. Tex. Feb. 21, 2023).  Nor do those contacts show any connection to this District:  The Daily Wire's registered Texas address is in Austin, and Plaintiffs do not state that the two Daily Wire employees are located in or perform any activities in this District.

## II.     This case should be transferred to the District of Columbia

This case should be transferred for the reasons in Defendants' motion.  *See* Mot. to Transfer at 14-15.  No deference is owed to Plaintiffs' choice of improper venue, *see In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003) ("Obviously, to be considered at all, the plaintiff's choice of forum must be one which is permitted under the relevant venue statute"), and there is only one proper forum with a meaningful connection to the issues and parties in this case—the District of Columbia.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to transfer.

| | |
|---|---|
| Dated: April 5, 2024 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>JAMES J. GILLIGAN<br>Special Litigation Counsel<br>Federal Programs Branch<br><br>JOSHUA E. GARDNER<br>Special Counsel<br>Federal Programs Branch<br><br>*/s/ Cristen C. Handley*<br>DOROTHY M. CANEVARI (NY # 5989694)<br>CRISTEN C. HANDLEY (MO # 69114)<br>CODY T. KNAPP (NY # 5715438)<br>ARJUN MODY (DC #90013383)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel: (202) 305-2677<br>Email: Cristen.Handley@usdoj.gov<br><br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

On April 5, 2024, I electronically submitted this document to the clerk of the court of the U.S. District Court for the Eastern District of Texas using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Cristen C. Handley*
CRISTEN C. HANDLEY
