# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | § | |
|---|---|---|
| THE DAILY WIRE, LLC, et al., | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 6:23-cv-609-JDK |
| UNITED STATES DEPARTMENT OF STATE, et al., | § | |
| Defendants. | § | |

## ORDER GRANTING EXPEDITED DISCOVERY

Before the Court is Plaintiffs' motion for expedited preliminary-injunction discovery. Docket No. 13. Plaintiffs "seek leave to conduct narrowly targeted discovery" on their pending motion for a preliminary injunction—before Plaintiffs would otherwise be entitled to discovery. *Id.* at 11; Docket No. 11. Defendants oppose, arguing that "Plaintiffs have not established any pressing need or other good cause that would outweigh the burden that expedited discovery would impose" on them. Docket No. 20 at 2. Having considered the matter, the Court hereby **GRANTS** the motion and **ORDERS** expedited discovery as described below.

### I.

The Court's order denying Defendants' motions to dismiss and transfer venue provides a thorough factual background of this case. Docket No. 53. In short, Plaintiffs—two media companies and the State of Texas—are suing the State Department, several of its officials, and its Global Engagement Center. Docket No. 1

1

¶¶ 11–23. Among other things, Plaintiffs allege that Defendants violated the media companies' First Amendment right to free speech. *Id.* ¶¶ 1–6, 272–282. Specifically, Plaintiffs allege that Defendants "fund[] the infrastructure, development, and marketing and promotion of censorship technology and private censorship enterprises" that suppress the media companies' free speech. *Id.* ¶ 1; *see also id.* ¶¶ 199–221. Plaintiffs further allege that Defendants' "censorship funding and promotion also undermines Texas law, . . . interfer[ing] with the State of Texas' sovereign interest in creating and enforcing a legal code." *Id.* ¶ 5; *see also id.* ¶¶ 234–35.

On February 6, 2024, Plaintiffs moved for a preliminary injunction, asking the Court to "enjoin[] Defendants and any individuals and entities acting on their behalf from continuing to research, assess, fund . . . and/or otherwise assist with the development of, or encourage the use of, technology that targets in whole, or in part, Americans' speech or the American press." Docket No. 11 at 36. Plaintiffs subsequently filed this motion, seeking "expedited preliminary-injunction discovery on a limited and expedited basis." Docket No. 13 at 2.[1] Plaintiffs argue that expedited discovery is necessary "to determine the full scope of Defendants' *ultra vires* and unconstitutional censorship scheme, including to ascertain the identity of key actors and to learn the type and extent of Defendants' activities which harm Plaintiffs." *Id.* at 11.

---

[1] Plaintiffs' filing includes both a motion and a memorandum in support of the motion, which are separately paginated. To avoid confusion, the Court will use the PDF numbers generated by CM/ECF.

Defendants oppose expedited discovery on two grounds. Docket No. 20 at 3–13. First, they argue that there are jurisdictional matters—specifically, their motions to change venue and dismiss—that the Court must decide before allowing any discovery. *Id.* at 3–7. Second, they argue that Plaintiffs have failed to demonstrate good cause for granting expedited discovery. *Id.* at 7–13. On April 23, 2024, the Court held oral argument on the motion, along with Defendants' motions to dismiss and motion to transfer venue. Docket No. 47.

**II.**

Parties may obtain discovery before the Rule 26(f) conference when permitted "by court order." FED. R. CIV. P. 26(d)(1). Granting pre-conference discovery falls within the Court's "wide discretion to control the course of litigation, which includes the authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). While the Fifth Circuit has not articulated a standard for exercising this discretion on expedited-discovery motions, several courts within the circuit—including in the Eastern District—have adopted a "good cause" standard. *See, e.g., United States v. Abbott*, 2023 WL 6532633 (W.D. Tex. Aug. 3, 2023); *Uniloc USA, Inc v. Apple Inc.*, 2017 WL 3382806 (E.D. Tex. July 21, 2017).

Under that standard, the movant bears the burden of demonstrating good cause for expedited discovery. *Uniloc*, 2017 WL 3382806, at *1. The court must assess the motion "on the entirety of the record to date" and consider "the reasonableness of the request in light of all the surrounding circumstances." *Id.* (quoting *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, 2016 WL 3747222, at *3

3

(E.D. Tex. July 13, 2016)). Courts consider five factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.*; *see also Missouri v. Biden*, 2022 WL 2825846, at *5–8 (W.D. La. July 12, 2022) (applying the factors). Expedited discovery is not the norm, and is only granted in limited, exceptional circumstances. *See Missouri v. Biden*, 2022 WL 2825846, at *5; *St. Louis Grp., Inc. v. Metal & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).

### III.

Plaintiffs have demonstrated that good cause exists here for limited, expedited discovery on their preliminary injunction motion.

As an initial matter, the Court has denied Defendants' motion to dismiss and motion to transfer venue. Docket No. 53. Thus, Defendants' argument that expedited discovery is improper while those issues are pending is moot.

In addition, most of the factors for finding good cause weigh in favor of granting Plaintiffs' motion. *First*, Plaintiffs' preliminary injunction motion is pending. To be sure, the existence of a motion for a preliminary injunction "does not constitute *per se* good cause." *EHO360, LLC v. Opalich*, 2021 WL 10428788, at *2 (N.D. Tex. June 25, 2021) (citation omitted). But it does weigh strongly in favor of granting expedited discovery. *See, e.g., Abbott*, 2023 WL 6532633, at *2 (finding that a pending preliminary injunction weighed in favor of granting expedited discovery); *Missouri v.*

4

*Biden*, 2022 WL 2825846, at *6 (same); FED. R. CIV. P. 26 advisory committee notes to 1993 amendment (stating that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . .").

*Second*, Plaintiffs' purpose for expedited discovery is to "provide the Court with the details necessary to craft an injunction." Docket No. 13 at 6. Courts often grant expedited discovery for this purpose. *See, e.g.*, *Missouri v. Biden*, 2022 WL 2825846, at *6; *NetChoice, LLC v. Paxton*, 2021 WL 7081122, at *2 (W.D. Tex. Oct. 22, 2021); *KPM Analytics N. Am. v. Blue Sun Scientific, L.L.C.*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021) ("[E]xpedited discovery would provide a more fulsome record to consider the preliminary injunction . . . ."). And *third*, the timing of the expedited discovery weighs in favor of Plaintiffs. The Court has already resolved Defendants' motion to dismiss and motion to transfer. The parties will conduct their Rule 26(f) conference shortly, which means regular discovery is forthcoming. Thus, any additional burden on Defendants to respond to the expedited discovery—which is sought so that the Court can resolve the pending motion for a preliminary injunction—is slight.

Of course, not all the factors weigh in favor of Plaintiffs. The discovery sought by Plaintiffs is not as limited as one might expect, which also means that the burden on Defendants to comply with the requests is greater than a typical, limited early-discovery request. Nevertheless, the Court finds that these factors deserve less weight given the timing and stage of the proceeding. Plaintiffs are essentially requesting staged discovery—an initial period of discovery to support their motion for a preliminary injunction with a tighter-than-normal turnaround. Under the

5

circumstances, the Court finds the request reasonable. *See Missouri v. Biden*, 2022 WL 2825846, at *7 (finding plaintiffs' "need for this information outweighs the burden" on defendants in similar circumstances).

Accordingly, the Court concludes that Plaintiffs have demonstrated good cause for conducting limited, expedited discovery. The Court **GRANTS** the motion and **ORDERS** discovery on the following timeline:

(1) Within five (5) days of this order, Plaintiffs may serve on Defendants the interrogatories and document requests specified in Plaintiffs' notice of proposed discovery. Docket No. 52. Plaintiffs may also serve no more than five subpoenas on third parties.

(2) Defendants and third parties shall provide responses and objections within thirty (30) days of service.

(3) Within ten (10) days of the receipt of the responses, objections, and the production of responsive documents, the parties shall meet and confer in good faith about any discovery dispute, after which the parties shall submit a joint statement to the Court identifying the nature of any unresolved dispute.

(4) Within ten (10) days of the receipt of the responses, objections, and any responsive documents, Plaintiffs shall notify Defendants whether they will seek additional third-party subpoenas or depositions pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure.

(5) Within seven (7) days of receiving notice of the depositions and additional third-party subpoenas sought by Plaintiffs, the parties shall meet and confer

regarding the additional discovery requests. Should the parties reach an impasse, they shall submit separate statements to the Court stating their positions on each requested subpoena and deposition.

(6) Thereafter, this Court shall determine any outstanding discovery disputes, after which Plaintiffs will have ten (10) days to serve any additional third-party subpoenas and thirty (30) days to complete any authorized depositions.

(7) Within twenty-one (21) days after all authorized depositions are taken, Plaintiffs may supplement their previous memoranda in support of their Motion for a Preliminary Injunction. The supplemental memoranda may not exceed fifteen pages, unless leave of court is first obtained.

(8) Within twenty-one (21) days after Plaintiffs file their supplemental memorandum, Defendants may file a supplemental memorandum in response to the Motion for Preliminary Injunction. The supplemental response may not exceed fifteen pages, unless leave of court is first obtained.

(9) Within seven (7) days after Defendants file their supplemental memorandum, Plaintiffs may file a reply. The supplemental reply may not exceed fives pages.

So **ORDERED** and **SIGNED** this **7th** day of **May, 2024.**

                              JEREMY D. KERNODLE
                              UNITED STATES DISTRICT JUDGE