IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*,<br><br>      Plaintiffs<br>   v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE *et al.*,<br><br>      Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

**JOINT DISCOVERY PLAN AND PROPOSED SCHEDULE**

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and the Court's May 7, 2024 Order for Proposed Schedule, ECF No. 55, the parties conferred by email on May 22, 30, and 31, and telephonically on May 23 and 29, 2024, and hereby submit this joint discovery plan and proposed schedule for disposition of this case.

**1.   DISCOVERY PLAN**

   **a.** *Brief statement of claims and defenses*. This action commenced on December 6, 2023. Plaintiffs are the State of Texas and two media companies alleging that the U.S. Department of State, through its Global Engagement Center, has abridged Media Plaintiffs' rights to Freedom of Speech and Freedom of the Press by funding and assisting in the development of, marketing, and/or promoting "censorship technologies"—in particular, the censorship-by-risk-rating technology and related entities—that is used to censor Media Plaintiffs' speech. *See* ECF No. 1 ¶ 274, 279. The Complaint raises claims under the First Amendment (Counts I and II), as well as claims alleging agency action in violation of Constitutional and statutory authority (Counts III-V). On February 6 and February 7, respectively, Plaintiffs moved for a preliminary injunction and for expedited preliminary-injunction-related discovery. ECF Nos. 11 & 13. Defendants opposed those motions and, in turn, moved to transfer venue and to dismiss the Complaint for lack of jurisdiction, principally arguing that

Plaintiffs lack Article III standing. ECF Nos. 14 & 33. Following a hearing on April 23, 2024, the Court denied Defendants' motion to transfer venue, denied Defendants' motion to dismiss the Complaint in principal part (but granted the motion to dismiss Count IV for lack of final agency action), and granted Plaintiffs' motion for expedited preliminary-injunction-related discovery.[1] *See* ECF Nos. 53 & 54. Accordingly, there are four remaining claims: Counts I and II (First Amendment); Count III (ultra vires non-final agency action beyond statutory authority); and Count V (ultra vires action beyond Constitutional authority). Plaintiffs' motion for preliminary injunction remains pending. ECF No. 11.

  **b.** *Expedited Discovery and Regular Discovery*:

  The Court granted Plaintiffs' expedited preliminary-injunction-related discovery motion and entered an Order adopting Plaintiffs' proposed schedule for expedited discovery followed by supplemental briefing for Plaintiffs' Motion for Preliminary Injunction. ECF No. 54. However, that schedule does not address the time required for Defendants to locate, collect, and review documents for responsiveness and privilege, nor does it set a final date (or any interim dates) by which Defendants must produce the documents sought in the expedited portion of discovery. Also, the Court's Order allows for Regular Discovery (i.e. Rule 26 discovery) to proceed simultaneously with expedited discovery.

  Given the abbreviated timeframe for Defendants to respond to expedited discovery and complete supplemental briefing on the Motion for Preliminary Injunction, the Parties agree that, absent leave of the Court, further written discovery requests by Plaintiffs to Defendants should await the conclusion of the expedited discovery process and the conclusion of any commensurate supplemental briefing on the Motion for Preliminary Injunction. Further, given Plaintiffs' anticipated receipt of responses to the subpoenas Plaintiffs have served and the abbreviated time for Plaintiffs to review the document productions, address any discovery issues, and determine the need for depositions during the expedited discovery, the parties agree to facilitate Plaintiffs' timely review of produced documents, including through rolling productions of documents and conferring regarding any necessary and reasonable extension of time for Plaintiffs to

---

[1] Following the Court's grant of Plaintiffs' motion for expedited preliminary-injunction-related discovery, Plaintiffs served on Defendants 14 requests for production of documents and 8 interrogatories. Plaintiffs also served Fed. R. Civ. P. 45 subpoenas seeking documents from five third parties: Disinformation Index, Inc. ("GDI"), Logically AI, Inc., Meta Platforms, Inc. ("Facebook"), Park Capital Investment Group, LLC, and X Corporation ("Twitter"). The subpoenas together present a total of 47 requests for production of documents from the third parties.

respond to the standard Rule 26 discovery.

The Parties also agree that they will work together to significantly narrow Plaintiffs' requested expedited discovery. Defendants represent that their initial searches, which applied Plaintiffs' list of more than 100 discrete search terms to approximately 50 Department custodians (with the exceptions of the terms "GEC" and "Global Engagement Center," which appear in GEC employees' signature lines and thus would have captured essentially every e-mail sent by a GEC employee), yielded more than approximately 1.2 million e-mails (not including and attachments). Defendants further represent that they cannot process 1.2 million documents, or any significant percentage of that number, within the highly expedited timeline proposed in the schedule below for completion of their document productions. The parties agree to make efforts to significantly narrow expedited discovery, including by shifting some portion of the production requests to the period of Regular Discovery and working to agree on a limited number of State Department custodians and a reasonable set of search terms and phrases for expedited discovery. Should the parties be unable to reach agreement on appropriate narrowing measures, or should it otherwise become impracticable for Defendants to meet the agreed timeline for completing document productions (due to, for instance, delays caused by discovery disputes), the parties agree to confer regarding any necessary and reasonable extension of the discovery schedule and report to the Court. Finally, in addition to the meet and confer processes set forth in the schedule below, the parties agree to raise discovery disputes promptly as they arise and to work together to either resolve the disputes as quickly as possible or to bring the issues to the Court for resolution in a timely manner.

Following the Court's decision on Plaintiffs' Motion for Preliminary Injunction, the parties agree that a six-month period to complete all remaining fact discovery is appropriate. However, the parties will confer to determine whether that period will begin immediately following the Court's decision or whether it will be placed on hold pending the resolution of any appeal.

### c. *Disposition of Case:*

The parties submit that this case will likely be resolved on either motions for summary judgment or a bench trial.

### d. *Statement of jurisdiction.* The Complaint alleges subject-matter jurisdiction under 28

3

U.S.C. § 1331. ECF No. 1 ¶ 7. Defendants agree that Plaintiffs' claims arise under the Constitution and federal laws, however, Defendants do not agree that the Court has subject-matter jurisdiction over this case because, in Defendants' view, Plaintiffs lack Article III standing.

e. *Statement concerning the possibility of settlement.* The parties agree that there is no reasonable possibility of promptly settling this case.

f. *Changes to the timing, form, or requirement for disclosures under Rule 26(a)(1) (including when disclosures will be made).* The parties agree that they should not dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), that no changes should be made to the form of those disclosures, and that the disclosures should be made *by June 14, 2024*.

g. *Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited or focused on particular issues.*

Plaintiffs' Anticipated Discovery from Defendants: Plaintiffs anticipate seeking additional discovery from Defendants related to their funding and assisting in the development of, marketing, and/or promotion of censorship technologies that affect the circulation of Media Plaintiffs' speech and/or that impact the enforceability of Texas H.B. 20.

Plaintiffs' Anticipated Discovery from Third Parties: Plaintiffs anticipate seeking additional discovery from Third Parties related to funding and collaboration with Defendants in the development of, marketing, and/or promotion of censorship technologies that affect the circulation of Media Plaintiffs' speech and/or that impact the enforceability of Texas H.B. 20

Defendants' Anticipated Discovery from Plaintiffs: Defendants anticipate seeking discovery from each Plaintiff on the subjects of: (1) Article III standing, and in particular Plaintiffs' asserted injuries; (2) the allegations related to each of the remaining claims in the Complaint; and (3) each of the requested forms of relief. To those ends, Defendants anticipate serving on Plaintiffs requests for production of documents, interrogatories, requests for admissions, and notices of deposition.

  **h.** *Disclosure, discovery, or preservation of electronically stored information ("ESI")*: The parties agree to work cooperatively to develop an ESI protocol that will provide for the forms of disclosure of discovery and to submit the protocol to the Court by *June 14, 2024*.

  **i.** *Claims of privilege or of protection as trial-preparation materials.* The parties agree that a protective order and clawback order are needed in this case. They will work cooperatively to submit these proposed orders to the Court by *June 14, 2024.*

  **j.** *Expert disclosures.* The parties request that the time for expert disclosures and discovery be set in accordance with the proposed schedule below.

  **k.** *Changes to discovery limitations.* The parties agree the 10 depositions allowed per side under Fed. R. Civ. P. 30(a)(2)(A)(i) excludes expert depositions. The parties also agree that requests for production of documents or for admission be limited to 30 requests of each type per side, but agree to confer regarding any necessary and reasonable revision of this limit after the close of the expedited discovery period. The parties further agree that the limit on interrogatories provided in Fed. R. Civ. P. 33(a)(2) be 25 interrogatories per side.

  **l.** *Whether the case should be assigned to a magistrate judge for any purposes.* The parties do not believe this case should be assigned to a magistrate judge for any purposes.

  **m.** *Whether the case could benefit from Alternative Dispute Resolution ("ADR") procedures.* At this time, the parties do not believe this matter would be suitable for ADR procedures.

**2.**  **PROPOSED SCHEDULE**

### [PROPOSED] SCHEDULING ORDER

| | |
|---|---|
| May 31, 2024 | Parties file joint report of attorney conference |
| June 10, 2024 | Defendants serve written responses and objections to RFPs and Interrogatories served by Plaintiffs on May 9, 2024 |
| June 14, 2024 | Parties exchange Rule 26(a)(1) Initial Disclosures and file Proposed Protective Order, Clawback Agreement, and ESI Protocol |
| No later than June 20, 2024 | Parties begin meet and confer over any discovery disputes regarding Defendants' written responses and objections to the RFPs and Interrogatories; Parties will confer and, if needed, provide joint statement to Court on unresolved discovery disputes within one week of completing conferral process |

| | |
|---|---|
| July 12, 2024 | Defendants Begin Rolling Production of Documents Responsive to Expedited RFPs. Defendants will produce privilege logs on a rolling basis. The Parties agree that privileged communication between the parties' litigation counsel and their clients occurring after this suit commenced, or amongst agency litigation counsel discussing matters related to this litigation, may be excluded from privilege logs. |
| September 1, 2024, or 30 days before Defendants complete production of documents responsive to Expedited RFPs, whichever is later | Answer due |
| September 30, 2024 | All documents and privilege logs from Expedited RFPs produced |
| Within 10 days after Defendants complete production of documents responsive to Expedited RFPs | Parties begin meet and confer over any discovery disputes regarding Defendants' expedited document production; Parties will confer and, if needed, provide joint statement to Court on unresolved discovery disputes within one week of completing conferral process |
| Within 10 days after Defendants complete production of documents responsive to Expedited RFPs | Plaintiffs provide Defendants notice of intent to seek depositions or additional third-party subpoenas for preliminary injunction |
| Within 17 days after Defendants complete production of documents responsive to Expedited RFPs | Parties begin meet and confer regarding Plaintiffs' notice of intent to seek depositions or additional third-party subpoenas for preliminary injunction; Parties will confer and, if needed, submit separate statements to Court |
| TBD by Court | If needed, Court decision on depositions, additional third-party subpoenas, or other outstanding preliminary injunction discovery disputes |
| Within 10 days after agreement or order regarding Plaintiffs' notice seeking expedited depositions and additional subpoenas | Plaintiffs serve additional third-party subpoenas, if needed |
| Within 30 days after agreement or order regarding Plaintiffs' notice seeking expedited depositions and additional subpoenas | Preliminary injunction depositions completed, if needed |
| 21 days after preliminary injunction depositions | Plaintiffs' supplemental memorandum in support of preliminary injunction due |
| 21 days after Supplemental Memorandum | Defendants' supplemental response due |

6

| | |
|---|---|
| 7 days after Supplemental Response | Plaintiffs' supplemental reply due |
| Within 30 days after Completion of Supplemental Preliminary Injunction Briefing | Parties confer regarding completion of Rule 26 and Third-Party discovery, including potential need for periodic status conferences, whether the anticipated six months from Preliminary Injunction ruling is adequate for completing discovery, and whether the limits on discovery need to be adjusted; Parties will also confer as needed if Plaintiffs propose to amend complaint |
| 45 days after Completion of Supplemental Preliminary Injunction Briefing | Deadline for Plaintiffs to file amended pleadings (assuming Defendants' consent or leave of court is given) |
| TBD | Hearing on motion for preliminary injunction |
| TBD | Ruling on motion for preliminary injunction |
| 6 months after Ruling on Preliminary Injunction | Fact discovery completed |
| 14 days after Completion of Fact Discovery | Deadline for Plaintiffs' case-in-chief expert reports and disclosures pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C). |
| 75 days after Completion of Fact Discovery | Deadline for Defendants' rebuttal or case-in-chief expert reports and disclosures pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C). |
| 105 days after Completion of Fact Discovery | Deadline for Plaintiffs' rebuttal expert report and disclosures, if any. |
| 135 days after Completion of Fact Discovery | Expert discovery completed |
| No later than 30 days after Completion of Expert Discovery | Deadline for Plaintiffs' motion for summary judgment or other dispositive motions, if any |
| No later than 60 days after Completion of Expert Discovery | Deadline for Defendants' response to Plaintiffs' dispositive motion(s) and for Defendants' motion for summary judgment or other dispositive motions, if any |
| No later than 90 days after Completion of Expert Discovery | Deadline for Plaintiffs' summary judgment reply and response to Defendants' dispositive motion(s) |
| No later than 120 days after Completion of Expert Discovery | Deadline for Defendants' summary judgment reply |
| TBD | Summary Judgment Hearing or Evidentiary Bench Trial |

If any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.  Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

7

A proposed Order reflecting this schedule is attached.

Dated: May 31, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel
Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel
Federal Programs Branch

*/s/ Cristen C. Handley (by permission)*
DOROTHY M. CANEVARI (NY # 5989694)
CRISTEN C. HANDLEY (MO # 69114)
ARJUN MODY (DC #90013383)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-305-2677
Email: cristen.handley@usdoj.gov

*Counsel for Defendants*

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

*/s/ Susanna Dokupil (by permission)*
**SUSANNA DOKUPIL**
Attorney in Charge
Special Counsel
Texas Bar No. 24034419

*/s/ Jenin Younes*
**JENIN YOUNES**
**Lead Attorney**
NY Bar No. 5020847
jenin.younes@ncla.legal

**MARGOT J. CLEVELAND**
Michigan Bar No. 83564
margot.cleveland@ncla.legal

**ZHONETTE M. BROWN**
D.C. Bar No. 463407
zhonette.brown@ncla.legal

| | |
|---|---|
| **JONATHAN STONE**<br>Special Counsel<br>Texas Bar No. 24071779 | **MARGARET A. LITTLE**<br>Connecticut Bar No. 303494<br>peggy.little@ncla.legal |
| **AMY HILTON**<br>Special Counsel<br>Texas Bar No. 24097834 | NEW CIVIL LIBERTIES ALLIANCE<br>1225 19th Street NW, Suite 450<br>Washington, DC 20036 |
| **JACOB E. PRZADA**<br>Special Counsel<br>Texas Bar No. 24125371 | Tel.: (202) 869-5210 |

JONATHAN STONE
Special Counsel
Texas Bar No. 24071779

AMY HILTON
Special Counsel
Texas Bar No. 24097834

JACOB E. PRZADA
Special Counsel
Texas Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
susanna.dokupil@oag.texas.gov
jonathan.stone@oag.texas.gov
amy.hilton@oag.texas.gov
jacob.przada@oag.texas.gov

*Counsel for Plaintiff The State Of Texas*

MARGARET A. LITTLE
Connecticut Bar No. 303494
peggy.little@ncla.legal

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Tel.: (202) 869-5210

*Counsel for Plaintiffs*
*The Daily Wire Entertainment LLC and*
*FDRLST Media LLC*

**CERTIFICATE OF SERVICE**

On May 31, 2024, I electronically submitted this document to the clerk of the court of the U.S. District Court for the Eastern District of Texas using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Margot J. Cleveland*
