IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

THE DAILY WIRE, LLC *et al.*,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF STATE *et al.*,

        Defendants.

Civil Action No. 6:23-cv-00609-JDK

**STIPULATED REVISED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

    1.    With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

**A.**    **Definitions**

    2.    "Action" shall mean the case captioned *The Daily Wire, LLC et al. v. United States Department of State et al.*, No. 6:23-cv-00609-JDK (E.D. Tex.).

    3.    "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is non-public information designated or treated as For Official Use Only ("FOUO"), Sensitive But Unclassified ("SBU"), or that is protected or restricted from disclosure under the terms of any statute, regulation, or applicable law;

(b) is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (c) contains personal, financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; (e) information that is designated "Attorney's Eyes Only" (see below) or (f) all other information not identified herein that the parties agree in writing or the Court orders qualifies for protection under Federal Rule of Civil Procedure 26(c). Confidential Information does not include any information that is readily available or generally known to the public, including information that would be produced in response to a Freedom of Information Act request, or information that a party receives independent of the discovery process in this Action but is not (i) obtained directly or indirectly from any person who disclosed it without required authorization or (ii) obtained directly or indirectly from any person who disclosed it notwithstanding having received it under a request of confidentiality.

4.  "Attorney's Eyes Only" refers to material that the designating party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury and that the designating party would not normally reveal to third parties except in confidence or has undertaken with others to maintain it in confidence. The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the designating party maintains as highly confidential in its business, including but not limited to information relating to future products or services, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the designating party. Copies, abstracts, compilations,

summaries, and extracts of materials designated as attorneys' eyes only will also be treated as Attorney's Eyes Only material.

5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrase, or characterization, orally or in writing, would be considered a disclosure of the document itself for purposes of this Protective Order.

6. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

8. "Designating Party" shall mean the party designating or seeking to designate information and have it treated as Confidential Information pursuant to this Protective Order. Nothing in this Protective Order shall restrict the right of any Party to designate as confidential a document produced by another Party or Third Party.

9. "Producing Party" shall mean the person or party producing discovery in the Action.

10. "Receiving Party" shall mean any party that receives information that has been designated as Confidential Information.

11. Personal identifying information ("PII") is information that permits the identity of an individual to be directly or indirectly inferred and includes names and personal information—such as but not limited to Social Security numbers, addresses, telephone numbers, email addresses, and any other contact information.

**B.     Purpose, Scope, and Limitations of Protective Order**

12. This Protective Order applies to discovery, pre-trial, trial (to the extent approved by the Court), and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity that is not a party to this action (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

13. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

14. This Protective Order shall not prejudice any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15. The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; or (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise.

16. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

17. Any Confidential Information referenced in any public pleading or contained in any Document that is publicly and properly filed with the Court in this Action by the Producing Party shall at the time of such public filing cease to be Confidential Information.

18. Nothing in this Protective Order shall restrict the right of any Producing Party to

use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

19. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

20. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

21. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C. **Method for Designating Confidential Information**

22. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

23. The Designation of Confidential Information should be limited only to those Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph 3 of this Protective Order.

24. For documents designated under this Protective Order that are produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential Information – Subject to Protective Order" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation "Confidential Information – Subject to Protective Order" shall appear on the slipsheet accompanying the native document. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that

maintains the protection for all copies.

25. Documents that the producing party deems to fall into the category of materials for Attorney's Eyes Only should also be marked as such, in addition to containing the designation "Confidential Information – Subject to Protective Order," on each page of the document asserted to contain Attorney's Eyes Only information.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation "Attorney's Eyes Only" shall appear on the slipsheet accompanying the native document.  Any copying or transferring of electronic files that are designated as Attorney's Eyes Only must be done in a manner that maintains the protection for all copies.

26. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Confidential – Subject to Protective Order."  Likewise, to the extent such answers and responses include Attorney's Eyes Only information, designation as such shall be included within each answer or response asserted to contain such material.

27. For depositions, designation of Confidential Information shall be made by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.  Prior to the expiration of the above referenced 30-day period, the entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of

executing the certification attached as Exhibit A.  After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential – Subject to Protective Order." If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "Confidential – Subject to Protective Order."

28.     Pages of depositions asserted to contain Attorney's Eyes Only material should be designated as such pursuant to the same procedures used to mark those pages Confidential delineated in paragraph 27.

29.     For any other Document or item produced in discovery in this Action not falling within Paragraphs 23 to 25 above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential – Subject to Protective Order."

30.     For any other Document or item produced in discovery in this Action not falling within Paragraphs 23 to 25 above, designation of Attorney's Eyes Only material shall be made by labeling the item or the item's container with "Attorney's Eyes Only."

D.      **Challenging Confidential Designations**

31.     A Challenging Party shall not be obliged to challenge the propriety of a designation of Confidential Information and/or Attorney's Eyes Only at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

32.     The Challenging Party shall initiate a challenge to the designation of any Confidential Information and/or Attorney's Eyes Only under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

33.     The Challenging Party and the Designating Party shall attempt to resolve each

challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Challenging Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

34. If the Designating Party decides to withdraw or change its designation, it shall give notice of this change to all parties.

35. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 33 or as otherwise agreed, the Designating Party, or a Party to the case if the Designating Party is not a party to the Action, may file a motion seeking a determination from the Court. If the Designating Party is a Party to this Action and fails to file a motion for a protective order within fourteen (14) calendar days after the time set forth in Paragraph 33, then the confidentiality designation shall be considered withdrawn.

36. Any information designated as Confidential Information and/or Attorney's Eyes Only pursuant to this Protective Order shall be treated as such until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information and/or Attorney's Eyes Only or (b) the Court rules that such information should not be treated as Confidential Information and/or Attorney's Eyes Only

### E.  Disclosure, Use, and Handling of Confidential Information

37. A Receiving Party may use Confidential Information and/or Attorney's Eyes Only information in connection with this Action only for litigating or attempting to settle this Action, and shall disclose such Confidential Information and/or Attorney's Eyes Only information only in

accordance with the terms of this Protective Order.

38. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information and/or Attorney's Eyes Only information.

39. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

 a. Counsel (including outside counsel) for the Parties, other Federal Government attorneys and associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

 b. Current or former officers, directors, or employees of the Parties who are assisting with respect to this Action;

 c. Any person who is indicated on the face of a document as its author or a recipient.

 d. Disclosed witnesses, potential witnesses disclosed in the parties' initial disclosures (as supplemented), and deponents, including their counsel, but only to the extent necessary to interview, prepare, or depose such witnesses for purposes of this Action;

 e. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

 f. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

9

g. Any testifying expert ("Testifying Expert") or non-testifying expert ("Consulting Expert") retained by any Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work);

h. Mediators or arbitrators; and

i. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

40. Disclosure of Confidential Information to the persons referenced in Paragraphs 39 a–h above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

41. Only the following persons are permitted to have access to material designated Attorney's Eyes Only:

a. persons who appear on the face of designated material as an author, addressee or recipient thereof;

b. counsel of record and their directly supervised administrative support staff, along with other attorneys and, in the case of Defendants, other Federal Government personnel necessary to assist counsel in this Action.

c. the Court and its personnel;

d. court reporters;

e. a mediator assigned to hear this matter, and his or her staff;

f. Any Testifying Expert or Consulting Expert retained by any Party to assist in this

    action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work); and

  g. witnesses under oath in a deposition or trial.

  42. Disclosure of Attorneys Eyes Only information to the persons referenced in Paragraphs 41 a–b and 41e–f above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

  43. Persons receiving Confidential Information and/or Attorneys Eyes Only information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

  44. Unless the Designating Party gives written permission, all material deemed Confidential Information or Attorney's Eyes Only information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available.  Further, the parties shall redact PII from any discovery materials other than the names of high ranking government officials, the parties, and witnesses already disclosed in public filings in this case— including but not limited to written discovery documents, deposition transcripts and exhibits, and produced documents—produced by the parties or third parties in this case prior to publicly disclosing those materials, whether through a filing on the public docket or dissemination to third parties in any other way.  At least seven (7) days prior to the filing on the public docket of any document governed by this Protective Order, the parties must meet and confer to attempt to agree on proposed redactions for the public filing.

  45. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) or any legally enforceable document request from any federal or state government official seeking Confidential Information

and/or Attorney's Eyes Only information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information and/or Attorney's Eyes Only information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person or the Receiving Party either

(a) that the Designating Party does not object to the production of the Confidential Information or Attorney's Eyes Only information or

(b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information and/or Attorney's Eyes Only information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

46. If the need arises for any party to disclose Confidential Information and/or Attorney's Eyes Only information in a proceeding in open Court, it may do so only after giving seven (7) days' notice to the Producing Party which, after a good-faith effort to meet and confer, may seek additional relief from the Court.

F. **Inadvertent Production of Confidential Information**

47. Nothing herein shall be deemed or construed as a waiver of or as superseding any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.  The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) and the terms of any other agreement between the Parties with respect to any inadvertently or unintentionally produced or disclosed Confidential Information and/or Attorney's Eyes Only information. Nothing in this Protective Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

48. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to

whom it has disclosed Confidential Information and/or Attorney's Eyes Only information in accordance with this Protective Order, has disclosed Confidential Information and/or Attorney's Eyes Only information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information and/or Attorney's Eyes Only information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return or destruction of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information and/or Attorney's Eyes Only information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information and/or Attorney's Eyes Only information that was the subject of the unauthorized disclosure.

### G.  Disposition of Documents Containing Confidential Information

49.     Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information and/or Attorney's Eyes Only information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course

of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information and/or Attorney's Eyes Only information pursuant to this Order that such information should be returned to the Receiving Party or destroyed by the person possessing the information with written confirmation to the Receiving Party.

    a. For material that contains or reflects Confidential Information and/or Attorney's Eyes Only information, but that constitutes or reflects counsel's work product, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information and/or Attorney's Eyes Only information subject to this Protective Order.

    b. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information and/or Attorney's Eyes Only information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information and/or Attorney's Eyes Only information subject to this Protective Order. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information and/or Attorney's Eyes Only information unless and until its Designating Party agrees otherwise in writing or a court order

directs.

c. The head of each agency Defendant or their designee may maintain copies of Confidential Information and/or Attorney's Eyes Only information to the extent necessary to comply with 44 U.S.C. § 3101 provided that government counsel may retain one complete set of any materials that were filed, lodged, or otherwise made part of the Court record.

So **ORDERED** and **SIGNED** this **29th** day of **July, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

15

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES DEPARTMENT OF STATE *et al.*, <br><br> Defendants. | Civil Action No. 6:23-cv-00609-JDK |

CERTIFICATION

1. My name is _____

2. I have read the Revised Protective Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of the Revised Protective Order and agree to comply with and to be bound by its provisions.  I also consent to the jurisdiction of this Court for purposes of enforcement of the Revised Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____ by _____
  (Print Name)


Signed: _____