IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC, ET AL., <br>     PLAINTIFFS, <br> V. <br> DEPARTMENT OF STATE, ET AL., <br>     DEFENDANTS. | CASE NO. 6:23-CV-00609-JDK |

**UNOPPOSED MOTION FOR LEAVE TO SERVE SUBPOENAS**

Plaintiffs seek leave to serve two third-party subpoenas to obtain discovery of materials previously sought as part of expedited discovery from third-party subpoena recipient Park Capital Investment Group, LLC ("Park Capital"). While Plaintiffs do not understand such leave to be needed for "ordinary" Rule 26/45 subpoenas and while Defendants do not oppose the issuance of the subpoenas, because these subpoenas seek information originally sought pursuant to the Court's Order Granting Expedited Discovery (ECF 54) and potentially subject to the Preliminary Injunction Scheduling Order (ECF 62), in an abundance of caution Plaintiffs seek leave here.

In support of their motion, Plaintiffs state the following:

1. On December 6, 2023, Plaintiffs filed the lawsuit in this case alleging that Defendants' funding, promotion, and utilization of tools and technologies that rate media outlets with an aim to reduce circulation of those deemed "unreliable," including media Plaintiffs, violated their First Amendment rights. The Complaint further alleged that Defendants lacked the authority, statutory or otherwise, to use government funds for this program (ECF No. 1).

2. Plaintiffs filed a preliminary injunction on the same grounds on February 6, 2024 (ECF 11) and moved for expedited discovery the following day (ECF 13).

3. On May 7, 2024, the Court granted Plaintiffs' request for expedited discovery (ECF 54), holding "[w]ithin five (5) days of this order, Plaintiffs may serve on Defendants the interrogatories and document requests specified in Plaintiffs' notice of proposed discovery. Docket No. 52. Plaintiffs may also serve no more than five subpoenas on third parties."

4. This Court further ruled "Defendants and third parties shall provide responses and objections within thirty (30) days of service" and then "[w]ithin seven (7) days of receiving notice of the depositions and additional third-party subpoenas sought by Plaintiffs, the parties shall meet and confer regarding the additional discovery requests."

5. "Should the parties reach an impasse, they shall submit separate statements to the Court stating their positions on each requested subpoena and deposition," the Order further declared.

6. On June 13, 2024, the Court denied the preliminary injunction motion without prejudice and with leave to refile upon conclusion of expedited discovery (ECF 61).

7. On June 13, 2024, the Court also entered a Preliminary Injunction Scheduling Order, which the Court held "supersedes and replaces any dates or deadlines in the Court's previous Order Granting Expedited Discovery (ECF 54)." (ECF 62).

8. The Court's Preliminary Injunction Scheduling Order required that, by October 10, 2024, "Plaintiffs provide Defendants notice of intent to seek depositions or additional third-party subpoenas for preliminary injunction."

9. The Preliminary Scheduling Order further set October 17, 2024 as the "[d]eadline to file any motions concerning Plaintiffs' notice of intent to seek depositions or additional third-party subpoenas for preliminary injunction," and October 21, 2024 as the due date "for responses

to any motions concerning Plaintiffs' notice of intent to seek depositions or additional third-party subpoenas for preliminary injunction."

10. Then, by November 15, 2024, the Preliminary Scheduling Order required Plaintiffs to "serve additional third-party subpoenas, if needed."

11. Consistent with this Court's May 7, 2024, Order granting Plaintiffs expedited discovery (ECF 54), Plaintiffs served five third-party subpoenas, including a subpoena on Park Capital Investment Group, LLC, on May 17, 2024.

12. Plaintiffs have not yet served any additional subpoenas as part of general discovery, although Plaintiffs interpret the Court's Preliminary Injunction Scheduling Order to allow for the service of such subpoenas.

13. As noted above, Park Capital was one of the third parties Plaintiffs subpoenaed as part of expedited discovery.

14. During conferral, Park Capital explained it no longer had access to its email system or the DisinfoCloud.com webpage, with both hosted by third parties with whom Park Capital ended its contractual relationship after Park Capital's contract with Defendants expired.

15. Accordingly, to obtain access to relevant Park Capital emails and the material hosted on DisinfoCloud.com, Plaintiffs seek to serve subpoenas on the third-party hosting companies.

16. Plaintiffs interpret this Court's Preliminary Injunction Scheduling Order as permitting Plaintiffs to serve additional third-party subpoenas for purposes of expedited discovery without leave of court, so long as Defendants do not object.

17. While Defendants do not object to Plaintiffs serving the two requested subpoenas,

Defendants interpret this Court's Order as requiring leave of court to serve even agreed to additional third-party subpoenas to be used for preliminary injunction purposes.

18. Accordingly, out of an abundance of caution and to ensure compliance with this Court's Orders, Plaintiffs seek leave to serve two additional third-party subpoenas as part of the preliminary injunction discovery.

WHEREFORE, Plaintiffs respectfully request this Court enter the attached proposed order granting them leave to serve additional third-party subpoenas.

| | |
|---|---|
| Date: September 10, 2024 | Respectfully submitted. |
| **KEN PAXTON**<br>Attorney General | /s/ *Margot J. Cleveland*<br>**MARGOT J. CLEVELAND**<br>Michigan Bar No. 83564<br>margot.cleveland@ncla.legal |
| **BRENT WEBSTER**<br>First Assistant Attorney General | |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | **JENIN YOUNES**<br>**Lead Attorney**<br>NY Bar No. 5020847<br>jenin.younes@ncla.legal |
| **AUSTIN KINGHORN**<br>Deputy Attorney General for Legal Strategy | |
| **CHARLES K. ELDRED**<br>Chief, Legal Strategy | **ZHONETTE M. BROWN**<br>D.C. Bar No. 5772199 |
| **RYAN D. WALTERS**<br>Chief, Special Litigation Division | NEW CIVIL LIBERTIES ALLIANCE<br>4250 N. Fairfax Drive, Suite 300<br>Arlington, VA 22203<br>(202) 869-5210 |
| /s/ *David Bryant*<br>**DAVID BRYANT**<br>Senior Special Counsel<br>Texas Bar No. 03281500 | **Counsel for Plaintiffs**<br>*The Daily Wire Entertainment LLC and FDRLST Media LLC* |

**SUSANNA DOKUPIL**
Attorney in Charge
Special Counsel
Texas Bar No. 24034419

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Susanna.dokupil@oag.texas.gov
David.bryant@oag.texas.gov
Munera.al-fuhaid@oag.texas.gov
COUNSEL FOR THE STATE OF TEXAS

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the parties have conferred regarding this motion and the motion is unopposed.

/s/ *Margot J. Cleveland*
**MARGOT J. CLEVELAND**

**CERTIFICATE OF CONFERENCE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 10, 2024 and that all counsel of record were served by CM/ECF.

/s/ *Margot J. Cleveland*
**MARGOT J. CLEVELAND**