IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

## DECLARATION OF NEHA LUGO

I, Neha Lugo, declare pursuant to 28 U.S.C. § 1746 the following, based on my personal knowledge and information acquired by me in the course of performing my official duties, and information contained in the records of the U.S. Department of State.

1. I, Neha Lugo, am the Assistant Legal Adviser for Public Diplomacy and Public Affairs at the U.S. Department of State. I am a career member of the Senior Executive Service.

2. In my role as Assistant Legal Adviser, I oversee the Office of the Legal Adviser's office of Public Diplomacy and Public Affairs (L/PD). L/PD is an office of seven (7) attorneys, one (1) paralegal specialist, and one (1) part-time contract attorney.

3. I am familiar with the *Daily Wire v. U.S. Department of State* litigation, as two of the seven attorneys in my office are assisting the Department of Justice in defending the Department of State in this litigation.

4. L/PD is responsible for providing legal advice and services to the Office of the Undersecretary for Public Diplomacy and Public Affairs ("R"), the Bureau of Educational and

1

Cultural Affairs, the Bureau of Global Public Affairs, the Global Engagement Center ("GEC"), R's Office of Policy, Planning and Resources, as well as the public diplomacy offices throughout the Department and sections at Embassies and Consulates abroad. All told, that includes providing legal advice and services to approximately 5,000 foreign affairs professionals around the world. This work includes providing guidance on a wide range of matters, including countering foreign disinformation abroad, World's Fairs, cultural and educational exchange programs including the Fulbright Program, sports diplomacy, and the preservation of cultural heritage. Some of these legal services are time-sensitive and cannot be postponed. They also cannot be moved to other components within the Office of Legal Adviser because those offices do not have the same expertise as L/PD and are extremely busy with their own workloads. In addition, L/PD administers the program on Immunity from Judicial Seizure for Cultural Objects pursuant to 22 U.S.C. § 2459.

5. Each of the seven full-time attorneys in my office, as well as our part-time contract attorney, have full workloads providing this legal guidance. Our paralegal specialist has a full workload administering the Immunity from Judicial Seizure for Cultural Objects program.

6. In response to Plaintiffs' requests for the production of documents during the ongoing expedited discovery in this litigation, the Department of State has loaded many thousands of documents into the Department of Justice's Civil Online Relativity Application (CORA) for legal review regarding responsiveness and any applicable privileges.

7. The two L/PD attorneys assigned to this lawsuit have been doing document review on top of their full workloads for the past several months. They have been working diligently and – because of the burden of reviewing so many documents – regularly working evenings and weekends for several months to attempt to complete the document review in time to meet the

document production deadline at the end of September. In addition, I have directed three other L/PD attorneys in my office and my paralegal specialist to add document review to their full (non-GEC) workloads. I also have been doing document review myself. All of us have been doing this work diligently, including during evenings and weekends, as we have full portfolios without this added work.

8. In addition, the Department of State has spent a considerable amount of funds to pay for additional contract attorney support to assist with aspects of the document review. These contract attorneys are conducting document reviews and will continue to work over the next weeks and months. However, staff from L/PD must still review all responsive documents in order to, among other things, identify any applicable privileges and to evaluate confidentiality pursuant to this Court's protective order.

9. L/PD's review of documents is a time-consuming process. Many documents are lengthy and dense. For example, there are many spreadsheets with multiple tabs and hundreds of rows, and reports that are between 50 and 100 pages long, that must be reviewed for the inclusion of any responsive information and assessment of any privileges. Moreover, because of the Department of State's work generally and the GEC's work specifically, many of the documents are sensitive for national security reasons and each must be reviewed carefully to ensure that any privileged or confidential material is identified and redacted or marked accordingly.

10. Although L/PD has devoted and will continue to devote substantial resources to the document review in terms of staff time, L/PD's resources are limited and already stretched thin. Despite our best efforts, L/PD will need additional time to complete the review. I expect that a 21-day extension will be sufficient to produce all responsive, non-privileged information.

11. I declare that the foregoing is true to the best of my knowledge, information, and belief.

Executed in Washington, D.C. on this 13th day of September, 2024.

*[signature]*

Neha Sheth Lugo
Assistant Legal Adviser for Public Diplomacy and Public Affairs
Office of the Legal Adviser
U.S. Department of State