IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*,<br><br>        Plaintiffs<br>  v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE *et al.*,<br><br>        Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

      Defendants respectfully submit this Notice of Supplemental Authority to apprise the Court of a recent decision that is relevant to Defendants' Rule 12(h)(3) Motion or, Alternatively, Motion to Reconsider Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Dismiss and Motion to Transfer, ECF No. 72. Specifically, the U.S. Court of Appeals for the Fifth Circuit on November 4, 2024 issued an opinion concluding that the plaintiffs in *Kennedy v. Biden*, a lawsuit that has been consolidated with *Missouri v. Biden*, lack standing to seek a preliminary injunction. *Missouri v. Biden*, No. 24-30252, 2024 WL 4664015 at *1 (5th Cir. Nov. 4, 2024) (*per curiam*) (unpublished) (attached as Exhibit A). The Fifth Circuit therefore vacated the *Kennedy* preliminary injunction and directed the district court on remand to "consider whether Plaintiffs have standing to seek other forms of relief, if any, and if not, dismiss the suit for lack of standing consistent with this opinion." *Id.* at *1 & n.1.

      In *Kennedy*, two individuals and one organization "brought a follow-on complaint" to *Missouri* "against a similar group of federal government Defendants" and proceeded on the same factual record as in *Missouri. Id.* at *1. The district court granted their request for a preliminary injunction. *Id.* at *2.

Following *Murthy v. Missouri*, 144 S. Ct. 1972 (2024), in which the Supreme Court concluded that the *Missouri* plaintiffs lacked standing, the *Kennedy* plaintiffs submitted supplemental declarations in an attempt to distinguish the Court's holding. *See Missouri v. Biden*, 2024 WL 4664015, at *2. The Fifth Circuit has now held that the *Kennedy* plaintiffs' supplemental evidence failed to meet the standards for traceability and redressability set forth in *Murthy v. Missouri. Id.* at *2–*4.

In their response to Defendants' Rule 12(h)(3) motion to dismiss, the Plaintiffs in this case cited the *Kennedy* district court's opinion whose conclusion that the *Kennedy* plaintiffs had standing has now been reversed. *See* ECF No. 80 at 25–26 (citing *Kennedy v. Biden*, 2024 WL 3879510 (W.D. La. Aug. 20, 2024)).

Dated: November 12, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel
Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Federal Programs Branch

*/s/ Arjun Mody*
JOSHUA M. KOLSKY (DC #993430)
Senior Trial Counsel
DOROTHY M. CANEVARI (NY #5989694)
CRISTEN C. HANDLEY (MO #69114)
ARJUN MODY (DC #90013383)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 451-7723

Email: arjun.a.mody@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On November 12, 2024, I electronically submitted this document to the clerk of the court of the U.S. District Court for the Eastern District of Texas using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>/s/ Arjun Mody</u><br>
Arjun Mody