IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al.*,<br><br>         Plaintiffs<br>     v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE *et al.*,<br><br>         Defendants. | Civil Action No. 6:23-cv-00609 (JDK) |

**DEFENDANTS' OPPOSITION TO MEDIA PLAINTIFFS' MOTION FOR
EXTENSION OF TIME TO RESPOND TO
DEFENDANTS' FIRST SET OF INTERROGATORIES**

Defendants oppose Media Plaintiffs' motion for a further extension of their deadline to respond to Defendants' First Set of Interrogatories. *See* Motion for Extension, ECF No. 89 ("Mot."). Defendants have already agreed to a 30-day extension of both Media Plaintiffs' and Plaintiff Texas's response deadline—which Plaintiff Texas complied with, having served its responses and objections on the agreed-upon extended deadline—and Media Plaintiffs' request for an additional 30 days, which would triple their allotted time under Federal Rule of Civil Procedure 33(b)(2), is not supported by good cause.[1]

Media Plaintiffs' threshold justification for seeking to triple the normal time for responding to Defendants' interrogatories is that it would "be burdensome given the significant amount of time and

---

[1] Defendants oppose Media Plaintiffs' extension request only on the assumption that this litigation will proceed in the first instance. Today, Defendants filed a Notice informing the Court that, absent Congressional action, the Global Engagement Center ("GEC") will terminate on December 23, 2024. *See* ECF No. 91 (citing section 1287(j) of the National Defense Authorization Act for Fiscal Year 2017 (22 U.S.C. § 2656 note)). As explained in Defendants' Notice, Congress has not extended the statutory termination of the GEC thus far, and Defendants understand that reauthorization is unlikely to occur. *Id.* Defendants are conferring with Plaintiffs about the implications of these developments for this litigation. *Id.*

1

manpower required to prepare and conduct [] depositions and would likely result in incomplete responses that would require supplementation." *See id.* at 2. But Media Plaintiffs overstate the burden and fail to explain why they lack complete information to supply the factual basis for venue in this District or how Media Plaintiffs have been injured. *First*, the burden of responding to Defendants' interrogatories is minimal. There are only ten interrogatories that require a response from Media Plaintiffs, one that seeks a description of the events or omissions underlying Media Plaintiffs' claim to venue in this District, and nine that seek information underlying Media Plaintiffs' allegations of their own injuries. *See* Exhibit A. Information about Media Plaintiffs' own claims and injuries should be readily available to Media Plaintiffs, and they do not contend otherwise. The fact that Media Plaintiffs are unwilling or unable to provide this information supports the absence of jurisdiction and venue in this District, and it is not a justification for seeking yet more time to respond to these straightforward interrogatories. If no such information exists to support venue in this District or Media Plaintiffs' standing to sue, there is no burden to stating so in response to Defendants' interrogatories. Thus, the already-extended response timeline of 60 days is sufficient.[2]

*Second*, Media Plaintiffs' complaints about simultaneously responding to Defendants' interrogatories while completing their affirmative expedited discovery are self-imposed and do not outweigh Defendants' entitlement to timely discovery responses. Media Plaintiffs cite to no authority for the proposition that the burdens associated with promulgating affirmative discovery justify tripling their amount of time to respond to discovery. And Media Plaintiffs have identified nothing exceptional about the need to respond to discovery while simultaneously pursing affirmative discovery. When this Court granted expedited discovery over seven months ago, it stated that "[t]he parties will conduct their Rule 26(f) conference shortly, which means regular discovery is

---

[2] Media Plaintiffs suggest that the press of work "would likely result in incomplete responses that would require supplementation." Mot. at 2. Media Plaintiffs provide no explanation for why their responses about their own injuries and the factual basis for venue in this District would be incomplete, and, in any event, the fact that Media Plaintiffs may later need to supplement their responses does not obviate their obligation to respond with whatever information is in their possession, custody, and control now.

2

forthcoming." *See* Order, ECF No. 54 at 5 ("Order"). Thereafter, the parties promptly conducted a Rule 26(f) conference and submitted their Rule 26(f) discovery plan. *See* Joint Discovery Plan, ECF No. 60. But now, Media Plaintiffs seemingly are advancing the unsupported position that all Rule 26(f) discovery effectively be put on hold until they conclude expedited discovery. That is inconsistent with what this Court has ordered.

Furthermore, while Defendants understand the burdens imposed by expedited discovery—and indeed have borne most of those burdens as the responding parties—the solution to Media Plaintiffs' apparent workload constraints is that they approach expedited discovery in the "narrowly targeted" and "limited" fashion which they represented to the Court and which the Court ordered. *See* Mot. for Expedited Disc., ECF No. 13 at 3 ("Plaintiffs seek leave to conduct narrowly targeted discovery."); Order at 6 (authorizing "limited, expedited discovery"). Yet Media Plaintiffs' broad and all-encompassing discovery has been anything but targeted, as highlighted below. Media Plaintiffs' decision to seek extensive discovery that goes well beyond that which is needed for a preliminary injunction is solely a problem of their own making, and it does not excuse their obligation to timely respond to Defendants' interrogatories.

For instance, one of the depositions Media Plaintiffs state they must prepare for, *see* Mot. at 2, is a Rule 30(b)(6) deposition for which Media Plaintiffs noticed *twenty-one* topics, many of which are overly broad and infeasible for a witness to prepare for on the expedited timeframe, *see* Exhibit B.[3] Media Plaintiffs do not explain how any Rule 30(b)(6) deposition, particularly one covering so many topics, is consistent with narrowly targeted, expedited discovery. Media Plaintiffs similarly do not explain why the *five additional* Rule 34 subpoenas they recently served—on top of the seven subpoenas they have already served—must be addressed in expedited discovery. *See* Mot. at 3. Finally, Media Plaintiffs point to Defendants' agreement to re-review certain documents with privilege assertions, *id.* at 2-3, but that agreement was part of a conferral process to minimize, not enlarge, the issues presented during expedited discovery. And Media Plaintiffs do not explain why they need still more information

---

[3] Defendants reserve all rights with regard to this notice.

from Defendants to brief their motion for a preliminary injunction seeking emergency relief over a year after this lawsuit was filed.

*Third*, Media Plaintiffs are incorrect that a further extension will not prejudice Defendants' ability to respond to Plaintiffs' preliminary injunction motion. *See id.* at 3-4. This extension would prejudice Defendants by effectively requiring Defendants to confer with Media Plaintiffs over any issues with their interrogatory responses at the same time Defendants are preparing their opposition to Plaintiffs' preliminary injunction motion, and it provides insufficient time to seek any relief from the Court should those conferral efforts prove unsuccessful. Under Media Plaintiffs' proposal, most of the time for any conferral or to seek any appropriate relief from the Court for any deficiencies in Media Plaintiffs' responses would lie during Defendants' time to prepare their preliminary injunction opposition, which is due by February 14, 2025. *See* Scheduling Order at 1, ECF No. 84. Granting Media Plaintiffs' requested extension would also be inequitable, as Defendants have undertaken significant efforts to respond to Plaintiffs' requests on the expedited discovery schedule, and Defendants are entitled to responses from Media Plaintiffs on the schedule set forth by Federal Rule of Civil Procedure 33(b)(2). Defendants have already extended that schedule once, and they have not pressed Media Plaintiffs for additional discovery responses (such as document productions, which Media Plaintiffs have represented to Defendants will not begin until mid-January). Media Plaintiffs appear to fault Defendants for "not seek[ing] expedited discovery" of their own, *see* Mot. at 3, but Defendants need not seek expedition merely to obtain discovery responses in accordance with the standard timelines set forth by the Federal Rules and consistent with this Court's order granting expedited discovery, *see* Order at 5.

Accordingly, Defendants request that the Court deny Media Plaintiffs' motion for extension and require that Media Plaintiffs provide their interrogatory responses on their already-extended deadline of December 23, 2024.

Dated: December 9, 2024                                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel
Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Federal Programs Branch

*/s/ Arjun Mody*
JOSHUA M. KOLSKY (DC #993430)
Senior Trial Counsel
DOROTHY M. CANEVARI (NY #5989694)
CRISTEN C. HANDLEY (MO #69114)
ARJUN MODY (DC #90013383)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 451-7723
Email: arjun.a.mody@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On December 9, 2024, I electronically submitted this document to the clerk of the court of the U.S. District Court for the Eastern District of Texas using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Arjun Mody*
Arjun Mody
