IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE DAILY WIRE, LLC *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al*., <br><br> Defendants. | Civil Action No.: 6:23-cv-00609 (JDK) |

**JOINT STATUS REPORT**

Pursuant to the Court's March 31, 2025 Order, ECF No. 105, the parties respectfully submit the below Joint Status Report and Motion for an Order Requiring a Further Joint Status Report to be filed by August 29, 2025.

1. This case was stayed from December 23, 2024 to July 3, 2025, due to factual developments regarding the Department of State's ("the Department") activities as relevant to Plaintiffs' claims. *See* ECF Nos. 99 & 105. Specifically, as the parties previously explained, the Global Engagement Center ("GEC")—the focus of a significant portion of Plaintiffs' Complaint—terminated on December 23, 2024 by operation of law pursuant to section 1287(j) of the National Defense Authorization Act for Fiscal Year 2017 (P.L. 114-328), as amended by section 1284 of the John S. McCain National Defense Authorization Act for Fiscal Year 2019 (P.L. 115-232). *See, e.g.*, ECF No. 104 ¶ 2. Additionally, Defendants had previously informed the Court that on December 6, 2024, the Department had transmitted a notification to Congress regarding its plan for the then-forthcoming termination of the GEC and its plan to realign the GEC's staff and funding to other Department offices and bureaus for foreign information manipulation and interference

1

activities in the event that the termination occurs. *See id.* Finally, the parties explained that the change in Administration may affect the nature and scope of any resolution of this case, and that on January 20, 2025, President Trump issued Executive Order 14149, "Restoring Freedom of Speech and Ending Federal Censorship," 90 Fed. Reg. 8,243 (Jan. 20, 2025). *See id.* ¶¶ 1-2. That Executive Order reflects the position of the United States and provides that, among other things, "[n]o Federal department, agency, entity, officer, employee, or agent may act or use any Federal resources in a manner contrary to" § 2 of the Executive Order, which provides in turn, among other things, in § 2(c), that "[i]t is the policy of the United States" to "ensure that no taxpayer resources are used to engage in or facilitate any conduct that would unconstitutionally abridge the free speech of any American citizen."

2. Following the GEC's termination, and consistent with its notification to Congress, the Department began the realignment of staff and the reprogramming of funding from the GEC to a new office that was called the Counter Foreign Information Manipulation and Interference Hub ("R/FIMI Hub").

3. Since the parties' last update to the Court, Defendants informed Plaintiffs that the Department undertook a policy and programming review of the work of the R/FIMI Hub, the successor to the GEC, to ensure alignment with President Trump's priorities and Executive Order 14149. As a result of that review, the R/FIMI Hub has now been closed. *See* https://www.state.gov/protecting-and-championing-free-speech-at-the-state-department/.

4. Defendants represent that the R/FIMI Hub did not issue any new grants or other awards during its brief existence, and all of its former employees, including contractors, have either been terminated or placed on administrative leave pending imminent implementation of a reduction in force. To the Department's knowledge, there are no outstanding or otherwise active

awards issued by the former GEC, and the Department has no current initiatives or planned future initiatives related to the work of the former GEC. Defendants informed Plaintiffs of these developments by letter on June 30, 2025.

5. Media Plaintiffs' understanding, however, is that resources GEC developed that disparage the Media Plaintiffs' reputation and abridge their First Amendment rights remain available both publicly and internally.

6. Additionally, Media Plaintiffs remain concerned that Defendants have to date not addressed the *ultra vires* activities previously undertaken by the State Department separate and apart from the GEC, including the funding of media literacy programs that disparage and denigrate Media Plaintiffs.

7. Further, Media Plaintiffs represent that Defendants' current voluntary cessation of the alleged *ultra vires* and unconstitutional conduct leaves Plaintiffs concerned that such conduct could be restarted.

8. As noted in their previous report, the parties have begun settlement discussions. *See* ECF No. 104 ¶ 4. Plaintiffs provided a written settlement proposal to Defendants on March 26, 2025. Defendants are currently working expeditiously to prepare a written counter-offer, which they anticipate providing to Plaintiffs by July 25, 2025, if not sooner. Defendants have informed Plaintiffs that preparing a counter-offer requires multiple levels of Department of Justice and agency review, and Defendants' timeline has been impacted in part due to significant staffing turnover on this matter, including at the Department of Justice and agency level.

9. Accordingly, in light of the parties' ongoing settlement discussions and the additional intervening developments described above, *see supra* ¶¶ 2-4, all parties agree that further discovery or briefing at this time would not be an efficient use of Court or party resources.

Consistent with the Court's Order, *see* ECF No. 105 at 1, the parties do not seek a further stay of this matter and instead respectfully move the Court to order that they file a further status report by August 29, 2025, advising the Court of the status of their settlement discussions and proposing a schedule for further proceedings as appropriate.

10. While the parties do not seek a further stay, Media Plaintiffs represent that if a settlement is not reached, additional discovery may be needed. It is possible that a preliminary injunction may no longer be necessary in light of recent developments, but as explained above, the Media Plaintiffs assert ongoing harm. Plaintiffs' agreement not to seek continuation of the stay is not an agreement that the discovery they previously sought will not be needed if settlement discussions fail.

11. Setting the next status report for August 29, 2025 is expected to allow sufficient time for Plaintiffs to review and respond to Defendants' forthcoming counter-proposal, to allow for further negotiation between the parties, to account for pre-scheduled annual leave of Government employees involved in the handling of this matter, and, if necessary, for the parties to confer regarding the need for any further discovery. A proposed order accompanies this motion.

12. Counsel for all parties met and conferred regarding this status report by video conference on July 2, 2025. All parties agree to the proposal made above.

DATED: July 10, 2025   Respectfully submitted,

*/s/Margot J. Cleveland*
Jenin Younes
New York Bar No. 5020847
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
Jenin.Younes@ncla.legal

4

Margot J. Cleveland
Michigan Bar No. P83564
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
Margot.Cleveland@ncla.legal

Zhonette M. Brown
Virginia Bar No. 97507
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
Zhonette.Brown@ncla.legal

***Counsel for The Daily Wire Entertainment LLC and FDRLST Media LLC***

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Austin Kinghorn
Deputy Attorney General for Legal Strategy

Charles K. Eldred
Chief, Legal Strategy

Ryan D. Walters
Chief, Special Litigation Division

/s/ David Bryant
David Bryant
Senior Special Counsel
Texas Bar No. 03281500

Munera Al-Fuhaid
Special Counsel

Texas Bar No. 24094501

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
David.bryant@oag.texas.gov
Munera.al-fuhaid@oag.texas.gov

*Counsel for the State of Texas*

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director
Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Federal Programs Branch

*/s/Cristen C. Handley*
CRISTEN C. HANDLEY (MO #69114)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-2677
Email: cristen.handley@usdoj.gov

*Counsel for Defendants*